1   MICHAEL W. BARRETT, CITY ATTORNEY (SBN 155968)
    DAVID C. JONES, DEPUTY CITY ATTORNEY (SBN 129881)
2   NAPA CITY ATTORNEY'S OFFICE (dcj@cityofnapa.org)
    CITY OF NAPA
3   P.O. BOX 660
    NAPA, CA 94559
4   Telephone:  (707) 257-9516
    Facsimile:   (707) 257-9274
5
6   Attorneys for Defendants CITY OF NAPA, OFFICER B. BANDY,
    OFFICER J. THOMPSON, and OFFICER A. ORTIZ
7
8                   UNITED STATES DISTRICT COURT
9                 NORTHERN DISTRICT OF CALIFORNIA
10
11  WALLY WETTER,                         )  Case No: C07-04583 WHA
                                          )
12              Plaintiff,                )  CITY DEFENDANTS' MEMORANDUM OF
                                          )  POINTS AND AUTHORITIES IN SUPPORT OF
13        vs.                             )  FRCP RULE 12(b)(6) MOTION TO DISMISS
                                          )
14  CITY OF NAPA, OFFICER B. BANDY,       )  **DATE:        1/3/2008**
    OFFICER J. THOMPSON, OFFICER A ORTIZ, )  **TIME:        8:00 a.m.**
15  and Does 1-10, inclusive,             )  **CRTRM:       9, 19th Floor**
                                          )
16              Defendants.               )  **The Honorable William H. Alsup**
                                          )
17  _____  )

18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

# TABLE OF CONTENTS

I.   STATEMENT OF ISSUES TO BE DECIDED. ................................................. 1

II.  INTRODUCTION. ................................................................ 1

III. PLAINTIFF'S COMPLAINT. ................................................... 2

    A. The Complaint's Factual Allegations. ................................... 2

    B. Causes of Action. .................................................... 3

IV.  PLAINTIFF'S AUGUST 4, 2006 CONVICTION FOR VIOLATION
    OF PENAL CODE SECTION 148(a)(1)....................................... 4

V.   RULE 12(b)(6) MOTION STANDARDS. ...................................... 4

VI.  PLAINTIFF'S PENAL CODE SECTION 148(a)(1) CONVICTION
    AS A MATTER OF LAW DEFEATS BOTH HIS FIRST CAUSE OF
    ACTION FOR EXCESSIVE FORCE AND HIS SECOND CAUSE OF
    ACTION FOR FALSE ARREST. ................................................. 5

    A. Plaintiff's *Nolo Contendre* Plea and Conviction Invokes
       the Bar of *Heck v. Humphrey*. .................................... 6

    B. Plaintiff's First Cause of Action for Excessive Force in
       Violation of the Fourth Amendment is Barred by His
       Conviction for Violation of Penal Code Section 148(a)(1). ................... 6

    C. *Heck v. Humphrey* Also Bars Plaintiff's Second Cause of
       Action for False Arrest as It Would Seek to Undermine
       an Element of His Section 148(a)(1) Conviction. ..................... 8

VII. CONCLUSION. .......................................................... 10

# TABLE OF AUTHORITIES

Cases

*Brewer v. City of Napa*
   *210 F.3d 1093, 1096 (9th Cir. 2000)* ................................................................. 6

*Cabrera v. City of Huntington Park*
   *159 F.3d 374, 380 (9th Cir. 1998)* ................................................................. 9

*City of Los Angeles v. Heller*
   *475 U.S. 796, 799 (1986)* ................................................................. 10

*County of Sacramento v. Lewis*
   *523 U.S. 833, 834 (1993)* ................................................................. 4

*Cummings v. City of Akron*
   *418 F.3d 676, 682-83 (6th Cir. 2005)* ................................................................. 7

*Cunningham v. Gates*
   *312 F.3d 1148, 1154-55 (9th Cir. 2002)* ................................................................. 7

*Everest & Jennings, Inc. v. American Motorists Ins. Co.*
   *23 F.3d 226, 228 (9th Cir. 1994)* ................................................................. 4,5

*Franklin v. County of Riverside*
   *971 F.Supp. 1332, 1335-1336 (C.D.Cal. 1997* ................................................................. 4

*Heck v. Humphrey*
   *512 U.S. 477 (1994)* ................................................................. passim

*MGIC Indemn. Corp. v. Weisman*
   *803 F.2d 500, 504 (9th Cir. 1986)* ................................................................. 4

*Nuno v. County of Riverside*
   *58 F.Supp.2d 1127, 1137-1139 (C.D.Cal. 1999)* ................................................................. 6,8

*Ove v. Gwinn*
   *264 F.3d 817, 823 fn. 4 (9th Cir. 2001)* ................................................................. 6

*People v. Olguin*
   *119 Cal.App.3d 39 (1981)* ................................................................. 9

*People v. Shelton*
   *37 Cal.4th 759, 766 (2006)* ................................................................. 6

*People v. Simons*
  42 Cal.App.4[th] 1100, 1110 (1996) ..................................................... 8

*People v. White*
  101 Cal.App.3d 161, 167 (1980)......................................................... 8

*Picray v. Sealock*
138 F.3d 767, 771 (9th Cir. 1998) ..................................................... 9

*Sanford v. Motts*
  258 F.3d 117, 119-20 (9th Cir. 2001)............................................... 8

*Schreiber v. Moe*
  445 F.Supp.2d 799, 812-813 (W.D. Mich. 2006)............................... 9

*Scott v. Henrich*
  39 F3d 912, 916 (9th Cir. 1994) ..................................................... 10

*Shaw v. Hahn*
  56 F.3d 1128, 1129 n. 1 (9th Cir) ..................................................... 5

*Smilecare Dental Group v. Delta Dental Plan of California, Inc.*
  88 F.3d 780, 782-83 (9th Cir.)......................................................... 5

*Smith v. City of Hemet*
  394 F.3d 689, 695-696 (9th Cir. 2005 ........................................... 7,8

*Smithart v. Towery*
  79 F.3d 951, 952 (9th Cir. 1996) ................................................. 6,7,8

*Wells v. Bonner*
  45 F.3d 90, 95 (5th Cir. 1995) ......................................................... 9


<u>Statutes</u>

42 U.S.C. section 1983 ...............................................................1,5,7,10

California Penal Code section 148(a)(1) ........................................passim

California Penal Code section 1016.................................................... 6


<u>Other Authorities</u>

FRE Rule 12(b)(6)......................................................................... 4,9

FRE Rule 201................................................................................. 4

FRE Rule 401................................................................................. 6

## I.    STATEMENT OF ISSUES TO BE DECIDED.

Whether Plaintiff's claims for excessive force and false arrest under 42 U.S.C. section 1983 are barred by his conviction for violation of Penal Code section 148(a)(1), under the doctrine set forth in *Heck v. Humphrey, 512 U.S. 477 (1994).*

## II.    INTRODUCTION.

This motion to dismiss calls for a straightforward application of the doctrine announced in *Heck v. Humphrey, 512 U.S. 477 (1994):* a 42 U.S.C. section 1983 plaintiff may not maintain, and a court must dismiss, any cause of action which seeks to undermine the validity of an undisturbed criminal conviction which is based on the same material facts.

Plaintiff Wally Wetter was arrested on March 10, 2006 for various species of domestic violence against his wife, as well as for resisting his arrest by City of Napa police officers.  Judicially noticeable documentation from the Napa Superior Court criminal action which followed establishes that as part of a plea arrangement, Plaintiff pled *nolo contendre* to, and was convicted of violation of Penal Code section 148(a)(1) for resisting, delaying, or obstructing defendant officers during his March 10 arrest.  The relevant plea/conviction documentation shows that the remaining four domestic violence counts were dismissed as part of the plea arrangement.

Plaintiff's current lawsuit alleges two civil rights causes of action under 42 U.S.C. section 1983 associated with his March 10, 2006 arrest – excessive force and false arrest -- both in violation of his Fourth Amendment rights.  Plaintiff's conviction under Penal Code section 148(a)(1), however, renders both of his causes of action non-viable.  As the Court is well aware, the Supreme Court case of *Heck v. Humphrey,* 512 U.S. 477 (1994), holds that a Section 1983 case may not go forward – it "must be dismissed" – if a civil verdict for Plaintiff would "necessarily imply the invalidity of his conviction or sentence" in the related criminal matter.  *Id.* at 486-487.

Under the facts alleged in the present complaint, and set forth in judicially noticeable documents, it is manifest that a verdict for plaintiff under either the First Cause of Action for excessive force, or the Second Cause of Action for false arrest, would undermine Plaintiff's criminal conviction for resisting arrest, which arose out of the same very brief arrest encounter as the current excessive force charge.  Plaintiff's civil claims would undermine his conviction by seeking to prove that elements of the crime

1

for which he was convicted – a reasonable use of force by the officers to overcome Plaintiff's resistance, and a lawful arrest supported by probable cause – were not present. Indeed, Plaintiff's complaint requires that he prove the opposite: that unreasonable force was used, and that his arrest lacked probable cause. *Heck,* by its express terms, does not permit this collateral attack on the underlying criminal conviction.

As set forth fully herein, Plaintiff's entire complaint, against all Defendants, is defeated by his conviction for resisting, delaying, or obstructing peace officers, and this matter should be dismissed in its entirety and without leave to amend.

## III.    PLAINTIFF'S COMPLAINT.

### A.    The Complaint's Factual Allegations.

Plaintiff alleges that on the night of March 9, 2006 Defendant Napa Police Officers Brian Bandy, Jack Thomson, and Alfonso Ortiz rang the doorbell to his house, and told him "that they were there for something related to Wetter's wife, and asked to enter Wetter's home." Complaint ¶13. Wetter alleges that he "stepped aside to allow the officers in." *Id. at 14.*

After putting his dog away at the officers' request, Plaintiff alleges he was "surrounded" by the three officers. *Id. at 15.* Officer Bandy allegedly told Plaintiff that Plaintiff's wife had reported "that Wetter had threatened to kill her, choked her for 10 minutes and shoved her against the countertop, causing her to fracture her ribs." *Id. at 16.*

Plaintiff alleges that he denied the allegations and reminded Bandy of another incident on January 2, 2006 in which Bandy and another officer "had responded to a similar call by Wetter's wife" but had not arrested Wetter, and instead had issued him "a citation to appear in court." *Id. at 17.*

Plaintiff alleges that in response Bandy told Wetter that they "had to go 'downtown,' " but that Bandy expressly denied that Wetter was under arrest. *Id. at 18.* Plaintiff alleges that he intended to comply with the request to go with the officers, but responded "let me get my son," and turned to walk toward his son "who was watching from the other end of the hallway." *Id. at 19.*

In response, Officer Bandy "suddenly" grabbed his left wrist and began to twist Wetter's arm behind his back. *Id. at 20.* Plaintiff alleges that his "shoulder was sore, and he asked that Bandy stop

2

twisting it.  Rather than releasing the pressure, Bandy twisted Wetter's arm harder and threw him face-first onto the floor."  *Id. at 20*.

Plaintiff alleges that he repeated his request that Bandy release his arm, and that Bandy responded "you're resisting arrest, you're resisting arrest."  *Id. at 21*.  Plaintiff alleges that "with the assistance of two other officers [Bandy] knocked Wetter's head against the floor" causing a wound.  *Id. at 21*.

Plaintiff alleges that while on the floor, he repeated his plea that "Bandy release his arm and that he was not resisting arrest . . .  In response to Wetter's pleas, [Bandy] placed his full body weight on Wetter's shoulder.  Meanwhile, the two other officers held down Wetter's legs and head."  *Id. at 22*.  Plaintiff alleges that the officers then pulled him off the floor lifting him by the arms, handcuffed his hands behind his back, and forcibly sat him down in a chair."  *Id. at 23*.  Plaintiff does not allege any resistance, delay, or obstruction by him at any time, nor does he allege that the officers used any force other than that described above.

Plaintiff makes further allegations not giving rise to any cause of action, and not relevant to this motion. *Id. at 24-37*.

### B.     Causes of Action.

Plaintiff brings two causes of action: his First Cause of Action is entitled "Violation of Civil Rights (42 U.S.C. 1983 – Excessive Force)."  *Id. at 46*.

In the body of the First Cause of Action, Wetter asserts violations of the Fourth and Fourteenth Amendments of the United States Constitution caused by "unlawful arrest and imprisonment of his person without due process of law, and alleges said arrest was without probable cause or an arrest warrant."   He further alleges that he was subjected to "a violation of his civil rights for the use of excessive force." *Id. at 47*.

Plaintiff's Second Cause of Action is denominated "Violation of Civil Rights (42 U.S.C. 1983 – Arrest)."

Paragraph 49 of the Second Cause of Action appears to be identical to Paragraph 46 of the first cause of action asserting violations of "the Fourth and Fourteenth Amendments" caused by "unlawful arrest and imprisonment of his person without due process of law," and "without probable cause or an

arrest warrant." *Id. at 49.*[1]  At Paragraph 50, Plaintiff further alleges "a violation of his civil rights for a warrantless arrest."

## IV.   PLAINTIFF'S AUGUST 4, 2006 CONVICTION FOR VIOLATION OF PENAL CODE SECTION 148(a)(1).

On March 21, 2006, Plaintiff was charged in Napa Superior Court with four counts of spousal abuse, alleged to have occurred on March 9, 2006. Request for Judicial Notice, Exh. 1.

An August 4, 2006 "Minute Order" shows that the court granted a motion to amend the complaint to add a charge of Penal Code section 148(a)(1), accepted Plaintiff's no contest plea to the Section 148(a)(1) charge, and dismissed all spousal abuse charges. Req. Jud. Not. Exh. 2.

Simultaneously, on August 4, 2006, Plaintiff and Judge Stephen Kroyer of the Napa Superior Court executed a document entitled "Plea Form." Req. Jud. Not. Exh. 3. In that document, Plaintiff expressly stipulated that "there is a factual basis for my plea(s) in the police report, "  and pled *nolo contendre* to a charge of resisting arrest, specifically, California Penal Code section 148(a)(1).

By the terms of the associated "Probation Order," the Court stated "it is the judgment of the court that the defendant is guilty of [Penal Code Section] 148(a)(1)." Req. Jud. Not. Exh. 4.

The Arrest/Detention/Complaint form from the Napa Superior Court's file, dated March 10, 2006, sets forth the factual basis for Plaintiff's conviction.  Req. Jud. Not. Exh. 5.[2]

Section 148(a)(1) makes it a misdemeanor to "willfully resist[], delay[], or obstruct[] any public officer [or], peace officer . . . in the discharge or attempt to discharge any duty of his or her office or employment . . ."

## V.   RULE 12(b)(6) MOTION STANDARDS.

A motion to dismiss should be granted when it is clear that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  *Everest & Jennings, Inc. v. American*

---

[1] False arrest and excessive force claims fall "squarely within the scope of the Fourth Amendment," and are analyzed under its principles, and not under generalized notions of Fourteenth Amendment substantive due process. *See County of Sacramento v. Lewis, 523 U.S. 833, 834 (1998).*

[2] The Court can and should take judicial notice of official, certified Napa Superior Court documents establishing Plaintiff's conviction of Penal Code section 148(a)(1). *See*, FRE Rule 201; *see e.g., Franklin v. County of Riverside*, 971 *F.Supp. 1332, 1335-1336 (C.D.Cal 1997); MGIC Indemn. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986)* [court may take judicial notice of official records without converting rule 12(b)(6) motion into Rule 56 motion].

4

*Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994).* In considering the motion to dismiss, the court must accept the allegations of the complaint as true. *Smilecare Dental Group v. Delta Dental Plan of California, Inc., 88 F.3d 780, 782-83 (9th Cir.), cert. denied, U.S., 136 L. Ed. 2d 513, 117 S. Ct. 583 (1996).* However, the "court may look beyond the plaintiff's complaint to matters of public record." *Shaw v. Hahn, 56 F.3d 1128, 1129 n. 1 (9th Cir.), cert. denied, 516 U.S. 964, 133 L. Ed. 2d 336, 116 S. Ct. 418 (1995).*

## VI.  PLAINTIFF'S PENAL CODE SECTION 148(a)(1) CONVICTION AS A MATTER OF LAW DEFEATS BOTH HIS FIRST CAUSE OF ACTION FOR EXCESSIVE FORCE AND HIS SECOND CAUSE OF ACTION FOR FALSE ARREST.

Plaintiff's conviction for resisting arrest as a matter of law defeats both of his Fourth Amendment claims; specifically, his First Cause of Action's assertion that his arrest was accomplished with excessive force, as well as his Second Cause of Action's claim that his arrest was without probable cause. In *Heck v. Humphrey*, the Supreme Court determined that a plaintiff cannot recover damages in a Section 1983 suit if a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence. . ." in a factually related criminal case. *Heck v. Humphrey, 512 U.S. 477, 487 (1994).*

The *Heck* Court provided a hypothetical example of the doctrine it invoked, which perfectly anticipates –and bars – both of Plaintiff's causes of action here:

> A state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a *lawful* arrest. (This is a common definition of that offense. [Citations omitted.]) He then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In order to prevail in this § 1983 action, he would have to negate an element of the offense of which he has been convicted. Regardless of the state law concerning res judicata (internal citation omitted) the § 1983 action will not lie.

*Id. at 487, fn. 6.*

Here, Plaintiff's action seeks to establish unlawful use of force (First Cause of Action), and unlawful arrest without probable cause (Second Cause of Action), both of which would necessarily undermine Plaintiff's conviction for interfering with the Defendant Officers' lawful exercise of their

5

duties.  Therefore, the action in its entirety is barred by the Supreme Court's holding in *Heck v. Humphrey*.

A.    **Plaintiff's *Nolo Contendre* Plea and Conviction Invokes the Bar of *Heck v. Humphrey*.**

Under California law a plea of *nolo contendre* leads to a conviction of the relevant offense. *See People v. Shelton, 37 Cal.4th 759, 766 (2006).* California Penal Code Section 1016 paragraph 3 states that following a *nolo contendre* plea, "the court shall find the defendant guilty." Although Section 1016 paragraph 3 places express limits on the evidentiary use of the *plea itself*, or "any admissions required by the court during any inquiry it makes. . . " the statute places no limits on the use of the underlying conviction. *See Id.*

As established in the Central District's Judge Robert Timlin's treatment of a strikingly similar case, a Section 148 conviction obtained by a *nolo contendre* plea fully invokes the *Heck* bar. As Judge Timlin points out, and as stated in *Heck* itself, the *Heck* doctrine expressly does not rely on any notion of *res judicata* or collateral estoppel. *Heck, 512 U.S. at 487, fn. 6.* Rather, *Heck* embodies a policy determination which acts to protect the underlying criminal conviction itself from collateral attack, regardless of the procedural mechanism used to obtain that conviction.  *Nuno v. County of Riverside, 58 F.Supp.2d 1127, 1137-1139 (C.D.Cal. 1999).* Although the Ninth Circuit appears not to have confronted the precise issue, it does not disagree, indeed, it "assumed" on one occasion "that a plea of *nolo contendre* in a California criminal action has the same effect as a guilty plea for *Heck* analysis." *Ove v. Gwinn, 264 F.3d 817, 823), fn.4 (9th Cir. 2001).* More broadly, it is well established that a conviction based on a *nolo contendre* plea may be used as impeachment under Rule 609, while the plea itself may not be used under Rule 401. *Brewer v. City of Napa, 210 F.3d 1093, 1096 (9th Cir. 2000).* This is true because, as urged by City Defendants here, the existence of the conviction itself is the salient point, and not the procedure used to obtain it.

B.    **Plaintiff's First Cause of Action for Excessive Force in Violation of the Fourth Amendment is Barred by His Conviction for Violation of Penal Code Section 148(a)(1).**

As set forth above, the Supreme Court in *Heck v. Humphrey* barred Section 1983 claims which would necessarily undermine state court criminal convictions.  In *Smithart v. Towery, 79 F.3d 951, 952*

6

*(9th Cir. 1996)*, the Ninth Circuit confirmed that *Heck* means that "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which *Section 1983* damages are sought, the 1983 action must be dismissed."

The Ninth Circuit's *en banc* opinion in *Smith v. City of Hemet* explored and described the circumstances under which the *Heck* doctrine can act to bar Section 1983 excessive force claims following conviction for violation of California's Penal Code Section 148(a)(1) for resisting arrest. The court stated that "(f)or a §148(a)(1) conviction to be valid, a criminal defendant must have 'resisted, delayed, or obstructed' a police officer in the *lawful* exercise of his duties. In California, the lawfulness of the officer's conduct is an essential element of the offense . . ." of violating Section 148(a)(1). *Smith v. City of Hemet, 394 F.3d 689, 695-696 (9th Cir. 2005).* Thus, "(a) conviction for resisting arrest under § 148(a)(1) may be lawfully obtained only if the officers do not use excessive force in the course of making that arrest." *Id.* (italics in original).

Following its analysis, the *Smith* court concluded that it was "clear" that if the Plaintiff's conviction for violation of section 148(a)(1) was "based on his behavior . . . during the course of the arrest, his suit would be barred by *Heck*. *See Heck, 512 U.S. at 486-487.* In such a case, a successful § 1983 action by Smith would necessarily mean that the officers had used excessive force to subdue him and were therefore acting unlawfully at the time his arrest was effected." *Smith, 394 F.3d at 697.* Under *Heck* and *Smith*, no such action may be maintained, and must be dismissed.[3]

---

[3] *Smith* ultimately determined, on the far more complex set of facts in that matter, that *Heck* did not bar that plaintiff's excessive force claim. There, it was undisputed that plaintiff had violated section 148(a)(1) *well before the officers were anywhere near him, or made any attempt to arrest him*. Therefore, the court reasoned, plaintiff's conviction might have been based not on the struggle at the time of arrest (which would have been barred by *Heck*), but on plaintiff's failure to follow the orders that officers shouted to him as they approached the porch of his home (the "investigative phase"), well before there was any attempt to arrest him, or any use of force in doing so (the arrest "phase"). Under these circumstances, the *Smith* court reasoned, plaintiff's claim that the officers used excessive force when they arrested him did not "necessarily" undermine his 148(a)(1) conviction. Under the facts before the *Smith* court, that conviction *may* have arisen out of refusal to cooperate during the lawful "investigative phase," as opposed to Plaintiff's conduct during the arrest "phase" when the officers used what he sought to prove was unlawful force. *Id.* at 698-699. No such complex, "multi-phased" fact pattern has been or can be alleged here. *See Cunningham v. Gates, 312 F.3d 1148, 1154-55 (9th Cir. 2002)* ["no break" between plaintiff's provocative acts leading to conviction, and the police use of force alleged to be excessive]; *Cummings v. City of Akron, 418 F.3d 676, 682-83 (6th Cir. 2005)* ["[t]he struggle between [plaintiff] and the officers gave rise to both [plaintiffs'] assault conviction and the excessive force claim, and the two are inextricably intertwined."].

Here, Plaintiff alleges a garden-variety arrest-with-force scenario. Plaintiff alleges that in a very short time span, and in a single location, he was interviewed by Officer Bandy while "surrounded" by all three Defendant Officers. Complaint ¶¶15-16. Plaintiff alleges that he was told he would have to accompany the officers "downtown," he turned to walk away, he was immediately restrained, he was told he was resisting arrest, he was taken to the ground by all three officers, he was handcuffed, and he was placed in a chair. Complaint ¶¶18-23. He does not allege any resistive conduct of any kind by him, before or after the narrow time span of the arrest-related force, which might constitute grounds for a Section 148 conviction. Nor does he allege any after-the-arrest force of the kind which has been deemed to avoid *Heck* preclusion. *See*, *e.g., Sanford v. Motts*, 258 F.3d 117, 119-20 (9th *Cir. 2001).*

Pursuant to *Heck* and other relevant authorities, this Plaintiff, following his conviction for resisting arrest in the straightforward, "single-phase" factual scenario he has bindingly pled, cannot now seek to avoid that conviction by claiming that the officers used unlawful excessive force in arresting and taking him into custody. The Supreme Court in *Heck* and the Ninth Circuit in *Smith v. City of Hemet* both plainly direct that dismissal is required under these uncomplicated facts.[4]

### C.     *Heck v. Humphrey* Also Bars Plaintiff's Second Cause of Action for False Arrest as It Would Seek to Undermine an Element of His Section 148(a)(1) Conviction.

Just as with the First Cause of Action, Plaintiff's Second Cause of Action for False Arrest seeks to undermine an element of his conviction: that the officers were acting lawfully (i.e., with probable cause), when they arrested Plaintiff. Once again, a conviction for violation of Section 148(a)(1) requires as an element that the criminal defendant's "obstruction must have occurred while the officer was engaged in the lawful performance of his or her duties," including that any arrest the officer made was supported by probable cause. *Nuno v. County of San Bernardino, 58 F.Supp.2d 1127, 1133-1134 (C.D.Cal. 1999)*, citing *People v. Simons, 42 Cal.App.4th 1100, 1110 (1996); People v. White, 101 Cal.App.3d 161, 167 (1980); see also Smithart v. Towery, 79 F.3d at 952* [*Heck* bars plaintiff's assertion

---

[4] Plaintiff's assertion that Officer Bandy denied he was under arrest immediately before the force was employed does not change the result. *Heck* bars any cause of action which would seek to prove conduct which would undermine the criminal conviction. Here, if plaintiff were permitted to prove that the officer's statement somehow rendered the arrest itself, or the force employed to effect it unlawful, such an allegation would undermine his resisting arrest conviction, and is thus impermissible under *Heck*.

of lack of probable cause following conviction for assaulting officers with deadly weapon]; *Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998)* [*Heck* bars plaintiff's false arrest claims while conviction was undisturbed]. Thus, *Heck* bars Plaintiff's challenge to the lawfulness of his arrest here.[5]

Judge Timlin's holding and opinion in *Nuno* strongly urges dismissal of this Plaintiff's Second Cause of Action. In *Nuno*, plaintiff was arrested for carrying a concealed weapon, for possession of a loaded firearm, and for resisting arrest. Plaintiff pled *nolo contendre* to, and was convicted of the concealed weapon charge as well as the charge of "obstructing a peace officer" under Penal Code Section 148(a)(1). *Id. at 1129.* As part of a plea agreement, the loaded weapon charge was dismissed. *Id. at 1130.* Plaintiff *Nuno* later brought a Section 1983 action claiming arrest without probable cause and excessive force, as well as other related claims. Defendants moved for dismissal under Rule 12(b)(6) on the basis of the convictions, and the doctrine set forth in *Heck v. Humphrey. Id. at 1130.*

After dispensing with Plaintiff's excessive force claim pursuant to the *Heck* analysis set forth above, the court turned to the false arrest claim, as to which it stated that "the same analysis applies." *Id. at 1134.*

> Under California law, an officer is not lawfully performing her duties when she detains an individual without reasonable suspicion or arrests an individual without probable cause. *See [People v.] Olguin,* 119 Cal.App.3d 39 at 45 [1981]. . . Thus, plaintiff's unimpaired conviction for obstruction of a peace officer in violation of section 148, which offense includes the element that [the officer] was performing his lawful duties, i.e. not detaining and arresting plaintiff without probable case, *bars plaintiff's section 1983 claims insofar as they are predicated on allegations that [the officer] arrested or detained plaintiff without reasonable suspicion or probable cause.* Such claims would suggest that plaintiff's conviction for violation of section 148 is invalid, and as a result they are precluded by *Heck.*

*Id. at 1134* (italics added).[6]

---

[5] Plaintiff alleges an unlawful warrantless arrest. Complaint ¶¶49-50. A warrantless arrest does not violate the Fourth Amendment if it is supported by probable cause to believe that the arrestee committed a crime. *Picray v. Sealock, 138 F.3d 767, 771 (9th Cir. 1998).*

[6] *See also Wells v. Bonner,* 45 F.3d 90, 95 (5th Cir. 1995) [plaintiff convicted of resisting lawful search barred by *Heck* from challenging probable cause for disorderly conduct arrest]; *Schreiber v. Moe,* 445 F.Supp.2d 799, 812-813 (W.D. Mich. 2006) [nolo plea conviction for resisting an officer barred false arrest claim where lack of probable cause would undermine conviction].

Judge Timlin's analysis is directly applicable here and closely reflects the Supreme Court's hypothetical in *Heck*, quoted above. *See supra page. 5:18-22.* If, as Plaintiff seeks to prove, there was no probable cause for his arrest, then his arrest, and the force used to effect it, were both unlawful. The Supreme Court has determined that a criminal conviction may not be undermined by such allegations in a Section 1983 action, and thus *Heck* dictates that Plaintiff's Second Cause of Action be dismissed along with his First.[7]

## VII.     CONCLUSION.

Plaintiff's conviction by the Napa Superior Court for resisting a peace officer under Penal Code Section 148(a)(1) necessarily determined that the officers acted lawfully at the time of their brief encounter with Plaintiff which resulted in his arrest. The Supreme Court has determined in *Heck v. Humphrey* that Plaintiff is not now permitted to seek to undermine his criminal conviction by attempting to prove that officers used excessive force against him, or that they lacked probable cause to arrest him. This case should be dismissed in its entirety, without leave to amend.

CITY OF NAPA

November 8, 2007                    By:     _____/S/_____
                                            DAVID C. JONES, Deputy City Attorney
                                            Attorney for City Defendants

---

[7] A city cannot be liable for a Section 1983 violation unless one of its employees commits a constitutional violation. *City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); Scott v. Henrich, 39 F.3d 912, 916 (9th Cir. 1994).* *Heck* will not permit a plaintiff to make such a showing where it would undermine a conviction, so Plaintiff's claims against the individual officers, as well as against the City, must fail.

City Defendants' Memorandum of Points and Authorities in Support of FRCP Rule 12(b)(6) Motion to Dismiss