1  ROBERT R. POWELL, ESQ. CSB#159747
   DENNIS R. INGOLS, ESQ.   CSB#236458
2  LAW OFFICES OF ROBERT R. POWELL
   925 West Hedding Street
3  San Jose, California 95126
   T: 408-553-0200 F: 408-553-0203
4  E: rpowell@rrpassociates.com

5
   Attorneys for Plaintiff
6  WALLY WETTER

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    (SAN FRANCISCO DIVISION)

11

12
   WALLY WETTER,                )    Case Number:  5:07-CV-4583-WHA
13                              )
              Plaintiff,        )    PLAINTIFF'S OPPOSITION TO
14 vs.                          )    DEFENDANTS' MOTION TO DISMISS
                                )
15 CITY OF NAPA, et al.,        )
   Does 1-10, inclusive         )
16                              )
              Defendants.       )
17 _____)

18

19

20

21

22

23

24

25

Opposition to Motion to Dismiss
Wetter v. City of Napa
U.S. Dist. Ct. – N. Cal.
Case No.  5:07-cv-4583-WHA

# TABLE OF CONTENTS

**Table of Authorities** ……………………………………………………………………… **ii**

**I.         INTRODUCTION** ............................................................................................. **1**

**II.        HECK DOCTRINE AND P.C. §148** …………………………………….......... **2**

**III.       THE FACTS ALLEGED** ……………………………………………….....….. **5**

**IV.       EXCESSIVE FORCE** ……………………………………………………….…. **6**

**V.        WRONGFUL ARREST** ………………………………………………....……. **8**

**VI.       PREJUDICE** ………………………………………………………….....…... **11**

**VII.     CONCLUSION** ………………………………………………………………. **11**

i

Opposition to Motion to Dismiss
Wetter v. City of Napa
U.S. Dist. Ct. – N. Cal.
Case No. 5:07-cv-4583-WHA

# TABLE OF AUTHORITIES

**U.S. Supreme Court Cases**

*Heck v. Humphrey*, 512 U.S. 477 (1994) ................................................... 2, 3, 11

*Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978) .................. 2

**9th Circuit Court of Appeals Cases**

*MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500 (9th Cir. 1986) ........................................ 9

*Sanford v. Motts*, 258 F.3d 1117 (9th Cir. 2001) ................................................ 4, 6, 8

*Smilecare Dental Group v. Delta Dental Plan of California, Inc.*,
  88 F.3d 780 (9th Cir.) ............................................................................. 5

*Smith v. City of Hemet,* 394 F.3d 689 (9th Cir. 2005) ............................................ 3, 6

**Central District of California Cases**

*Franklin v. County of Riverside*, 971 F.Supp. 1332 (C.D.Cal 1997) ................................ 9

**Other District Court Cases**

*Schreiber v. Moe*, 445 F.Supp.2d 799 (W.D. Mich. 2006) ........................................... 5

**California State Court Cases**

*People v. Christopher*, 40 Cal.Rptr.3d 615 (2000) ............................................... 8

*People v. Lopez*, 29 Cal.App.4th 1508 (2005) ................................................... 8

*People v. Robles*, 56 Cal.Rptr.2d 369 (1996) ................................................... 8

*People v. Shelton*, 37 Cal.4th 759 (2006) ...................................................... 2

*Yount v. Sacramento*, 133 Cal.App.4th 1424 (2005) .............................................. 4

**Federal Statutes & Rules**

42 U.S.C. §1983 ................................................................................ 7, 8

ii

Opposition to Motion to Dismiss
Wetter v. City of Napa
U.S. Dist. Ct. – N. Cal.
Case No. 5:07-cv-4583-WHA

Federal Rules of Civil Procedure 12(b)(6) ………………………………………………….... 1

Federal Rules of Evidence Rule 201 …………………………………………………………. 9

**California State Statutes**

California Penal Code §69 …………………………………………………………….....… 7, 8

California Penal Code §148 ………………………………………………………..… 2, 7, 8, 9, 10, 11

California Penal Code §826 …………………………………………………………………. 9

California Penal Code §1016(3) ……………………………………………………………... 7

Opposition to Motion to Dismiss
Wetter v. City of Napa
U.S. Dist. Ct. – N. Cal.
Case No. 5:07-cv-4583-WHA

# INTRODUCTION

1. Defendants seek to dismiss the Complaint, pursuant to F.R.C.P. 12(b)(6), for failure to state a claim, arguing that both of Plaintiff's claims are barred by the *Heck Doctrine*, such that "Plaintiff can prove no set of facts in support of [his claims] that would entitle him to relief. (MTD 1:2-4, 4:22-23, Notice of Motion 1:23-24). Conspicuously absent from Defendants' motion is any argument that the Complaint is technically deficient in that it fails to properly allege causes of action for excessive force and wrongful arrest, which Plaintiff asks this court to deem a waiver of any such argument.

2. A theme common to most of Defendants' cited cases, (which include three from outside the 9th Circuit), is that the civil plaintiff/criminal defendant in those cases actually committed acts of physical resistance against police officers (one even involved a man who was convicted of *assault with a deadly weapon* on a police officer) and were convicted of "resisting arrest."

3. Defendants repeatedly describe this case as being *Heck*-barred because of Plaintiff's conviction for "resisting arrest," a comparison that is at best based on imprecise reading of case law and the facts as alleged in the Complaint. (MTD 1:26; 2:1; 3:4; 4:13; 5:18; 8:FN4; 11:16; 11:10; 12:6; 12:11;12:27)

4. Precedent analysis aside, simple common sense tells us that if you shoot at a cop you cannot sue him for shooting back, but that is not this case. Here, an old man dressed only in a bathrobe <u>delayed</u> Defendants' lawful investigation of specious domestic violence allegations by saying "[wait,] let me get my son," and for that intransigence, three cops seriously roughed him up. Facing the possibility of up to 11 years in jail and the absolute certainty of a large attorney fee bill were he to go to trial where a police officer would testify against him, his belief in his own innocence notwithstanding, Plaintiff agreed to probation (which

Opposition to Motion to Dismiss
Wetter v. City of Napa
U.S. Dist. Ct. – N. Cal.
Case No. 5:07-cv-4583-WHA

Page 1 of 11

amounts to very little for upstanding citizens like Plaintiff) and less than $300 in fines to make it all go away, all the while intending to sue for the wrongs done to him.[1]

5. Defendants refer to this case as a "garden-variety arrest-with-force case" (MTD 8:1). If this case is garden-variety in Napa, the City of Napa will be liable on a *Monell* theory of liability as a result of its police department's policy, practice, procedure or custom of using excessive force. *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978).

6. The fundamental constitutional principals and analysis which will govern this case, namely the reasonableness of the force used against Plaintiff, and whether there was probable cause to arrest Plaintiff at the moment he was arrested, arguably are garden-variety.

7. The only thing other than garden-variety in terms of legal analysis in this case is the intersection of the Federal *Heck* Doctrine and California Penal Code §148 (hereinafter "P.C. §148). That analysis follows.

## THE HECK DOCTRINE AND P.C. §148

8. The *Heck* Doctrine precludes civil litigation that would, if successful, necessarily imply the invalidity of a criminal conviction. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The case of *Heck v. Humphrey* itself involved an inmate suing the police, where the defendants successfully argued plaintiff's conviction of *voluntary manslaughter* under *Indiana* law precluded Plaintiff from suing the officer involved for wrongful conviction. By contrast, Defendants' present motion is based on Plaintiff's conviction of *California* P.C. §148, so it can hardly be said that the *Heck* decision itself is directly on point.[2]

---

[1] Plaintiff does not argue that the conviction was invalid, as that argument would directly trigger the *Heck* bar. Procedurally, it was proper. Plaintiff pled no contest and was convicted of violating California Penal Code §148. Plaintiff submits that, by the very fact that Defendants are now arguing Plaintiff's conviction triggers the *Heck* bar, Plaintiff has not received the benefit of his plea bargain, and his conviction may be subject to appeal or other modification, but that is an argument for a different day, and a different court. (See *People v. Shelton*, plea bargains are analyzed under contract principals: on his plea form Plaintiff stipulated that he understood that "a plea of no contest …cannot be used against [him] in a civil lawsuit unless the offense is a felony" (Plaintiff was convicted of a misdemeanor), (Defendants' Request for Judicial Notice, Ex. 3, p.2).

Opposition to Motion to Dismiss
Wetter v. City of Napa
U.S. Dist. Ct. – N. Cal.
Case No. 5:07-cv-4583-WHA
Page 2 of 11

9. In this case, Plaintiff pled no contest to, and was convicted of a misdemeanor violation of P.C. §148, which provides in relevant part: "Every person who willfully resists, delays, or obstructs any …peace officer…in the discharge or attempt to discharge any duty of his…employment…shall be punished by a fine…or by imprisonment…" Several appellate cases, both from the California Court and the 9th Circuit, have addressed the intersection of the *Heck Doctrine* and P.C. §148, a few of which are discussed hereinbelow.

10. Defendants' cite *Smith v. City of Hemet,* 394 F.3d 689 (9th Cir. 2005) several times, though in that case the 9th Circuit rejected defendants' *Heck* argument. In *Smith*, police arrived at Smith's home, told him to take his hands out of his pockets, to approach the police, and gave several other verbal commands. Smith did not obey any of them. Force was used to bring Smith into compliance, he was arrested, pled no contest to P.C. §148, was convicted, and later filed a lawsuit over the degree of force used against him. The *Smith* en banc 9th Circuit panel held that:

> "It is therefore entirely possible that, as Smith asserts, he pled guilty to a violation of §148(a)(1) on the basis of his actions during the time the officers were conducting their lawful investigation," (*Smith*, at 698) and "where a §1983 plaintiff has pled guilty or entered a plea of nolo contendere, such as Smith and Sanford did, it is *not* necessarily the case that the factual basis for his conviction included the whole course of his conduct." (*Id.* at 699)

11. The *Smith* Court's opinion is consistent with the plain text of California Penal Code §1016(3), which expressly provides that in misdemeanor cases like Plaintiff's, "the plea, and any admissions required by the court …as to the …factual basis for, the plea may not be used against the defendant …in any civil suit." While no court appears to have affirmatively decided whether, under California law, pleas of nolo contendere and guilty are the same for purposes of *Heck* analysis, the plain text of P.C. §148 seems to militate that there be a

---

[2] This is true notwithstanding Defendants' flawed contention that Justice Scalia's footnote hypothetical plaintiff's hypothetical conviction of a hypothetical *resisting arrest* statute triggering the *Heck* Doctrine to bar a hypothetical civil suit "perfectly anticipates – and bars –" Plaintiff's *real* civil suit. (MTD 5:16-22)

Opposition to Motion to Dismiss
Wetter v. City of Napa
U.S. Dist. Ct. – N. Cal.
Case No.  5:07-cv-4583-WHA
Page 3 of 11

1  difference.  Further, the California Supreme Court may authoritatively decide the issue

2  shortly.[3]

3  12. The import of *Smith* is that where, as here, the civil plaintiff pleas guilty/no contest to a violation of P.C. §148, there is no finding that the police acted lawfully *throughout the duration* of the subject incident, as there is with a jury verdict of guilty, and therefore the civil plaintiff can make allegations, which are assumed to be true in a motion to dismiss, as to which of his actions formed the basis for his convictions in such a way as to avoid the *Heck* bar, allowing the civil plaintiff his day in civil court.  Plaintiff has done so here.

13. Another case cited by Defendants in which the civil defendants' *Heck* argument is rejected is *Sanford v. Motts*, 258 F.3d 1117, (9th Cir. 2001).  (MTD 8:9).  In *Sanford,* the plaintiff and her young children arrived at her boyfriend's house to see the plaintiff's boyfriend fighting with the police.  Plaintiff yelled at the arresting officer, was placed in handcuffs, yelled some more, and was subsequently punched in the face.  She plead to a violation of P.C. §148 as part of a plea bargain.  (*Id.* at 11120).  The 9th Circuit found that "nothing in the record informs us what the factual basis was for Sanford's plea of nolo contendere," (*Id.*, at 1119), and that the defendants failed to establish their *Heck* defense by showing what the basis for the P.C. §148 conviction was, although it was their burden to do so.  (*Id*. at 1119).

14. In other words, Sanford could plead civilly that her yelling at the police officer (which clearly would not justify being punched in the face) was a violation of P.C. §148, hence her criminal plea.  The defendants did not meet their burden of proving that the police acted lawfully *throughout* their interaction with Sanford, and defendants' *Heck* arguments were denied.

---

[3] *Yount v. Sacramento*, 133 Cal.App.4th 1424 (2005), currently pending before the California Supreme Court, having been fully briefed, including numerous amicus briefs.

Opposition to Motion to Dismiss
Wetter v. City of Napa
U.S. Dist. Ct. – N. Cal.
Case No.  5:07-cv-4583-WHA
Page 4 of 11

15. Like their repeated characterizations of Plaintiff's conduct, and of P.C. §148 generally as "resisting arrest," the remainder of the cases cited by Defendants in support of their *Heck* arguments are off point, some bordering on frivolous.[4]

## THE FACTS ALLEGED

16. The facts as alleged in the Complaint and relevant to this motion, which "the court must accept ...as true" are sequentially as follows, Defendants' re-ordering thereof notwithstanding: (*Smilecare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 782-83 (9th Cir.), *cert. denied*.

   i. At about 9:45pm the Defendants rang Plaintiff's doorbell. (¶12)

   ii. Plaintiff answered the door, and granted Defendants' requests for permission to enter his home and that he put his dog in the garage. (¶14)

   iii. Plaintiff turned to find himself surrounded by the Defendants. (¶15)

   iv. Bandy told Plaintiff about the Plaintiff's wife's allegations of **felony** domestic violence and death threats.(¶16)

   v. Plaintiff pointed out that his wife had made such allegations before and no charges were ever filed, implying they were baseless. (¶17)

   vi. Bandy told Plaintiff that they need to take him "downtown." (¶18)

   vii. Plaintiff asked if he needed an attorney and if he was "under arrest." Bandy answered both questions in the negative. (¶18)

   viii. Then, Plaintiff said "let me get my son," and turned to walk toward his son at the other end of the hallway. (¶19)

   ix. AT THIS POINT Bandy first placed his hands on Plaintiff, grabbing his wrist and twisting his arm behind his back. (¶20)

   x. Plaintiff said his shoulder was sore, and asked Bandy to stop. (¶20)

---

[4] See *Schreiber v. Moe*, 445 F.Supp.2d 799 (W.D. Mich. 2006), (MTD 9:27) case Heck-barred by *Michigan* conviction resulting from physical struggle with officers; *People v. Simons*, 42 Cal.App.4th 1100 (1996), (MTD 8:23) conviction regarding use of weapons against police; *Cummings v. City of Akron*, 418 F.3d 676, (6th Cir. 2005), (MTD 7:27) plaintiff barred based on *Ohio* conviction for assaulting police officer.

Opposition to Motion to Dismiss
Wetter v. City of Napa
U.S. Dist. Ct. – N. Cal.
Case No.  5:07-cv-4583-WHA

Page 5 of 11

xi. Bandy twisted Plaintiff's arm harder, and threw Wetter face-down on the floor. (¶20)

xii. Plaintiff repeated that he was in pain, Bandy shouted "You're resisting arrest, you're resisting arrest" and the other two defendants made physical contact with Plaintiff, one holding his legs, the other holding his head. (¶21)

xiii. Bandy responded to Plaintiff's repeated pleas for mercy by placing his full body weight on Plaintiff's shoulder. (¶22)

xiv. The Defendants lifted Plaintiff up and forcibly sat him in a chair. (¶23)

## **EXCESSIVE FORCE**

17. Here, as in *Smith* and *Sanford*, Plaintiff has plead to and been convicted of violating P.C. §148, and subsequently filed suit for violations of his civil rights. Also, as in *Smith* and *Sanford*, there is no record designating what the factual basis was for Plaintiff's plea, or that the Defendants acted lawfully throughout their interactions with Plaintiff. Here, as in *Smith* and *Sanford*, Plaintiff has alleged facts sufficient to make a claim for excessive force and to explain his P.C. §148 conviction without necessarily implying the invalidity of that conviction so as to trigger the *Heck* bar.

18. Specifically, Plaintiff has alleged that defendant police officers lawfully entered his home, pursuant to his express consent, and lawfully inquired about the spurious allegations Plaintiff's wife had recently made. (Compl. ¶ 14, 16, 17). Next, Defendant Bandy tells Plaintiff that the Defendants needed to take Plaintiff "downtown," but that he was not "under arrest." (Compl. ¶18).

19. If Plaintiff was not "under arrest" at that point, then presumably the Defendants were still investigating the allegations, and were doing so pursuant to Plaintiff's cooperation, as they did not have a warrant. Next, when Plaintiff, intending to cooperate, said "let me get my son," he acted to delay the police officers in the discharge of their lawful investigative duties, thereby violating P.C. §148. (Compl.¶18, 19) It was *after* this crucial action, after this

Opposition to Motion to Dismiss
Wetter v. City of Napa
U.S. Dist. Ct. – N. Cal.
Case No. 5:07-cv-4583-WHA

Page 6 of 11

crucial moment in time that Bandy exerted excessive force on Plaintiff, and ceased to act lawfully.

20. A closer look at common, everyday dialogue highlights the importance of the distinction drawn in the preceding paragraph. Frequently we say something like: "let's go to the store, son" and the response is akin to: "let me change my shirt." Clearly implicit in the response are several unspoken words. Filling in some of the unspoken but clearly implicit and clearly understood words, the response sounds more like: 'Ok dad, but <u>delay</u> your plans to go to the store for a period of time until I change my shirt.' Likewise, Plaintiff asked Bandy to 'delay any plans to take Plaintiff "downtown," for a period of time while Plaintiff prepared his son for the trip,' a sufficient factual basis for his plea, especially at this stage of the case, where Defendants have not even met their burden under *Heck*.[5]

21. While the aforementioned bases for Plaintiff's plea may or may not have survived the scrutiny of a criminal trial, Plaintiff traded in his right to make such arguments to the criminal court for the consideration set forth above. In turn, the District Attorney waived the right to argue that the Defendants acted lawfully throughout the subject incident, meaning that there has been no adjudication of lawful conduct throughout the incident by Defendants, leaving a hole in Defendants' Heck argument big enough to drive a §1983 suit through.

22. Are the criminal defendant's words alone enough to sustain a conviction of P.C. §148? Plaintiff submits they are, a conclusion supported by California case precedent and the Penal Code. First, California has a separate statute, P.C. §69 that provides criminal liability for deterring or preventing a police officer from performing his duty *by means of threat or*

---

[5] The distinctions between guilty and nolo pleas provided by P.C. §1016, and the Court's holding in *Smith v. Hemet* consistent therewith, expressly negate any argument by Defendants that on his plea form Plaintiff stipulated that there was a basis for his plea in the police report, which included Bandy's vague statement that Plaintiff "resisted arrest," and therefore it was adjudicated that the defendants acted lawfully *throughout* the subject incident.

Opposition to Motion to Dismiss
Wetter v. City of Napa
U.S. Dist. Ct. – N. Cal.
Case No. 5:07-cv-4583-WHA
Page 7 of 11

violence. In *People v. Lopez,* 29 Cal.App.4th 1508 (2005), the 6th Appellate District of California held that P.C. §148 is not a lesser included offense of P.C. §69, because the latter does require force by the criminal defendant, whereas P.C. §148 does not. Second, there is substantial case law regarding P.C. §148 for that proposition. (See generally, *People v. Christopher*, 40 Cal.Rptr.3d 615 (2000), man convicted after jury trial for giving a police officer a false name; *People v. Robles*, 56 Cal.Rptr.2d 369 (1996), man convicted after jury trial for yelling: "stay away from that guy, he's a cop," to a man about to buy drugs from an undercover police officer.)

23. Judge Noonan said it best in the 9th Circuit's *Sanford* decision: If [defendant] had shot and wounded [plaintiff] instead of punching her while she stood handcuffed, there would be no doubt that she could sue him for [excessive force]." (*Sanford*, at 1120). Applying Judge Noonan's simple test from *Sanford*, had any of the aforementioned criminal defendants, Wetter, Christopher, or Robles, been shot after their statements, there would be no doubt that they would be entitled to sue. (*Sanford,* at 1120). If the only question is the degree of force, then Defendants' *Heck* argument must fail.

## **WRONGFUL ARREST**

24. Defendants contend that the same analysis applies to the issue of whether Plaintiff's wrongful arrest cause of action is *Heck*-barred by his conviction of P.C. §148. As the Defendants have failed to meet their burden of proof with respect to the wrongful arrest cause of action just as they failed to do with respect to the excessive force cause of action, Plaintiff urges the Court to reject both arguments. Specifically, Defendants have failed to even assert when the "arrest" happened, which is often a crucial dividing line in the *Heck* analysis involving 42 U.S.C. §1983 suits by plaintiffs convicted of P.C. §148. (See *Sanford*,

Opposition to Motion to Dismiss
Wetter v. City of Napa
U.S. Dist. Ct. – N. Cal.
Case No. 5:07-cv-4583-WHA

Page 8 of 11

*Hemet*, generally)

25. Defendants argue that:

> "Plaintiff's assertion that Officer Bandy denied [Plaintiff] was under arrest immediately before the force was employed does not change the result. *Heck* bars any cause of action which would seek to prove conduct which would undermine the criminal conviction. Here, if plaintiff were permitted to prove that the officer's statement somehow rendered the arrest itself, or the force employed to effect it unlawful, such an allegation would undermine his resisting arrest conviction, and is thus impermissible under *Heck*. (MTD 8:FN4).

26. The argument misses the point. Bandy's alleged and assumed-true statement that Wetter was not "under arrest" would not render an arrest *unlawful*, per se, but rather *non-existent*. (Compl. ¶18, 19)

27. In light of the information contained in the documents of which Defendants have requested the Court take judicial notice, and California Penal Code §826(a) and (d), a simple logical syllogism leads to the conclusion that Plaintiff's wrongful arrest cause of action also survives the present motion.[6][7]

28. If Plaintiff was not under arrest before he said "[wait,] let me get my son," then the arrest must have been for P.C. §148, because the statement alone could not possibly have given rise to probable cause with respect to the domestic violence allegations.

29. If true that the arrest was for P.C. §148, why wasn't P.C. §148 charged in the criminal Complaint, or in the Booking Report?[8] Plaintiff submits the answer is because Plaintiff was not arrested for P.C. §148, but rather the charge was thrown into the police report by

---

[6] PC§826(a) provides, in relevant part (**emphasis added**): A peace officer may arrest a person without a warrant whenever the officer has probable cause to believe the person to be arrested has [either] 1)committed a [**misdemeanor**] **in the officer's presence**, 3) or has committed a **felony…**
[7] 826(d) provides, in relevant part: A police officer may arrest a [domestic violence] suspect without a warrant if he: 1) has probable cause to believe the person to be arrested committed the [domestic violence], and; 2) makes the arrest **as soon as probable cause arises**.
[8] Attached as Exhibit A. See, FRE Rule 201; see e.g., Franklin v. County of Riverside, 971 F.Supp. 1332, 1335-1336 (C.D.Cal 1997); MGIC Indemn. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) [court may take judicial notice of official records without converting rule 12(b)(6) motion into Rule 56 motion].

Opposition to Motion to Dismiss
Wetter v. City of Napa
U.S. Dist. Ct. – N. Cal.
Case No. 5:07-cv-4583-WHA
Page 9 of 11

Defendant Bandy for the express purpose of depriving Plaintiff of his right to seek redress in civil court.[9]

30. Defendants will contend this argument directly implicates the *Heck Doctrine*. However, given the very low culpability threshold intrinsic to P.C. §148, i.e. "delay," where words alone can sustain a conviction, Plaintiff's saying "[wait,] let me get my son" could qualify as delaying or obstructing a peace officer in his investigative duty, which would not justify the use any force. Plaintiff absolutely is not seeking to undermine the validity of his conviction. As explained above, there is a basis for Plaintiff's conviction that is consistent both with his criminal plea and his bringing this lawsuit.

31. Finally, if Plaintiff was "under arrest," despite Bandy's statement to the contrary, then the arrest happened sometime *before* Plaintiff's delaying Bandy's discharge of his duties by saying "[wait,] let me get my son," and could only have been based on the felony domestic violence allegations of Plaintiff's wife, because the delay had not yet occurred. If that is the case, there was neither a warrant nor probable cause to arrest Plaintiff (Compl. ¶49), the arrest was wrongful, there is no underlying criminal conviction adjudicating Plaintiff's culpability for domestic violence, no implication of probable cause for Plaintiff's arrest for domestic violence, the *Heck Doctrine* does not apply, and the Complaint survives the present motion in its entirety.[10]

//

//

---

[9] Again, Plaintiff concedes his conviction was procedurally proper, and that he will likely have to take his breach of plea bargain contract complaint to a different court.

[10] Admittedly, the foregoing discussion of Plaintiff's wrongful arrest claim may amount to arguing in the alternative vis-à-vis the earlier discussion of his excessive force claim, but the F.R.C.P. allows Plaintiff to do so, especially at this stage. Any apparent logical incongruities therein will likely be resolved only after discovery, which can only happen after this motion is denied. Defendants may bring a Motion for Summary Judgment depending on the outcome of such discovery, but the present motion must fail.

Opposition to Motion to Dismiss
Wetter v. City of Napa
U.S. Dist. Ct. – N. Cal.
Case No. 5:07-cv-4583-WHA
Page 10 of 11

## PREJUDICE

32. If this Court is inclined to grant Defendants' motion pursuant to the Heck Doctrine, Plaintiff asks the court do so without prejudice and with leave to amend, also per *Heck*. The *Heck Doctrine* requires an undisturbed criminal conviction. (*Heck*, at 486-487) So long as the conviction triggering the *Heck Doctrine* can possibly, even if only hypothetically, be reversed, vacated, expunged, etc., as in Plaintiff's case, dismissal cannot be with prejudice.

## CONCLUSION

33. In California, P.C. §148 is a trap for the unwary which Plaintiff has happened into in by pleading no contest. If the *Heck Doctrine* is applied, as Defendants would have the Court do here, to cases involving P.C. §148, it would be to treat the same both the civil plaintiff who is convicted of delaying a police officer where all he really did was say "[wait,] let me get my son," and the plaintiff who shot at the police then sues the police for shooting back. On fairness the former should have his day in civil court, whereas the latter should not.

34. For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion in its entirety, and if the Court should grant any portion of Defendants' motion it be without prejudice.

Dated:  December 13, 2007         ___/S/ Dennis R. Ingols_____
                                  DENNIS R. INGOLS, ESQ.
                                  Attorney for Wally Wetter

Opposition to Motion to Dismiss
Wetter v. City of Napa
U.S. Dist. Ct. – N. Cal.
Case No.  5:07-cv-4583-WHA

Page 11 of 11

Case 3:07-cv-04583-WHA     Document 21     Filed 12/13/2007     Page 16 of 17

EXHIBIT A




# Booking Report

**NAPA COUNTY JUSTICE INFORMATION SYSTEM**
**DEPARTMENT OF CORRECTIONS**
**BOOKING INFORMATION**

3/11/2006                                                                                                                        3:33AM

| | | | | |
|---|---|---|---|---|
| PID-Event: 200600185 - 02 A | | Name: WETTER, WALLY LEONARD | Person Status: | InCust |
| Booking Date/Time: 3/10/2006 at 2315 | | By: BROWNS1 | Arrest Date: | 3/10/2006 |

**Sex:** M **Race:** White **DOB:** 6/21/1937 **Age:** 68
**Height:** 5 ft 9 in **Weight:** 175 lbs **Hair Color:** Brown **Eye Color:** Brown
**DL #:** D0736676 CA **SSN #:** ***-**-
**CII #:** **FBI #:** **CDC #:**
**Address:** 4479 SANDALWOOD , NAPA
**State:** CA **ZIP:** **Telephone:** 707-265-6238 **Residence:** 0 M 0 D 6 Y

**Alias:** **Marks:** NONE STATED / VISIBLE

**Place of Birth:** US **Citizenship:** US
**Marital Status:** Married **Number of Dependants:** 1
**Time in County:** 6 Y 0 M 0 D **State:** 58 Y 0 M 0 D **USA:** 68 Y 0 M 0 D

**Occupation:** CLERK **Employer:** SAFEWAY
**Yrs** 3 **Months** 0                                           ST HELENA CA

**Next of Kin:** WETTER, HENRY **Relationship:** Son
**Address:** **City:**
**State:** CA **Phone:** 916-501-8276

## Booking Charges

| Charge Code | Violation Description |
|---|---|
| 236PC | FALSE IMPRISONMENT BY VIOLENCE |
| 245a1PC | ASSAULT GREAT BODILY INJURY AND WITH DEADLY WEAPON |
| 273.5aPC | CORPORAL INJURY TO SPOUSE/COHABITANT/CHILD'S PARENT |
| 422 PC | Threats to commit bodily injury or death |

**Comments:** **Bail:** $ 85,000.00 **DDL:** _____

**Arrest Agency:** Napa Police Dept   BANDYB1   **Trans:** NPD **WPS:** _____
**Court:** Napa Supr Crt Lmtd Jurisdct **Booking Code:** On View

**PHONE CALLS**                                              Phone calls refused per 851.5 PC
**Time:**         **Phone Number:**                                        X _____

**PROPERTY**   | Booking Cash Received: $2.70   Receipt Number: E5214 |
**Vehicle Desc:** **Vehicle Location:** **Property:** Small Bag #: Z005928 Tag #: 661

The above accounts for all of my property and cash.
**Prisoner:** WETTER, WALLY LEONARD
**Signature:** _____ **Date:** 3/11/2006 CO____
I received all my property; and cash totaling $ _____
**Signature:** _____ **Date:** _____ CO____

1 of 1