MICHAEL W. BARRETT, CITY ATTORNEY (SBN 155968)
DAVID C. JONES, DEPUTY CITY ATTORNEY (SBN 129881)
NAPA CITY ATTORNEY'S OFFICE (dcj@cityofnapa.org)
CITY OF NAPA
P.O. BOX 660
NAPA, CA 94559
Telephone: (707) 257-9516
Facsimile:  (707) 257-9274

Attorneys for Defendants CITY OF NAPA, OFFICER B. BANDY,
OFFICER J. THOMPSON, and OFFICER A. ORTIZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALLY WETTER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF NAPA, OFFICER B. BANDY, OFFICER J. THOMPSON, OFFICER A ORTIZ, and Does 1-10, inclusive,<br><br>　　　　Defendants. | Case No: C07-04583 WHA<br><br>CITY DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRCP RULE 12(b)(6) MOTION TO DISMISS<br><br>DATE:　　　1/3/2008<br>TIME:　　　8:00 a.m.<br>CRTRM:　　9, 19th Floor<br><br>**The Honorable William H. Alsup** |

## I.　　INTRODUCTION.

　　　Plaintiff Wally Wetter agreed – by plea of *nolo contendere* – to accept conviction for resisting, delaying, or obstructing officers at the time of his arrest for felony domestic violence. He divulges that he did so as part of a strategic plan, "all the while intending to sue for the wrongs done to him" at the time of his arrest. Plaintiff now complains, in light of City Defendants' motion, that his tactical *nolo* plea constituted a "trap for the unwary." He asks the Court to relieve him of his mistake, and to permit his case to go forward. Unfortunately for Plaintiff, the legal and factual bases he offers to avoid the bar of *Heck v. Humphrey* are fatally weak. Both of his causes of action should be dismissed – and dismissed without leave to amend – as he cannot identify an amendment which would avoid the *Heck* bar.

The main thrust of Plaintiff's reply brief is his unsupported, unsupportable assertion that his case is factually analogous to *Smith v. City of Hemet* and *Sanford v. Motts*, and avoids the *Heck* bar on the grounds identified by the Ninth Circuit there. Plaintiff, however, has not identified meaningful factual similarity between his case and either *Smith* or *Sanford*. Indeed, Plaintiff's own complaint allegations admit that his domestic violence arrest took place in a few moments and in a single location. Plaintiff's complaint does not, and plainly cannot, describe the complex, "multi-phased" factual scenario crucial to the holdings in *Smith* or *Sanford*. Plaintiff's First Cause of Action for excessive force must succumb to the doctrine set forth in *Heck v. Humphrey*, as it seeks to undermine his *Penal Code Section 148(a)(1)* conviction.

Plaintiff's brief discussion of City Defendants' application of the *Heck* bar to his Second Cause of action for wrongful arrest is obscure and confused. By any reading, it fails to successfully address City Defendants' authority and argument: *Heck* bars Plaintiff's wrongful arrest claim both because Plaintiff's conviction bindingly determined that the officers acted lawfully – including with probable cause – at the time of Plaintiff's arrest, and independently, because under California law his conviction establishes probable cause for the arrest. Finally, probable cause need only exist for one charge in order for an arrest to be lawful.

The Court should rule as Plaintiff's opposition seems to suggest multiple times: that his conviction was proper, that to his surprise his conviction bars the present complaint, and that what Plaintiff views as a "breach of plea bargain contract" claim belongs in another forum. See Opposition, p. 10, fn. 9.

**II.     PLAINTIFF FAILS TO SERIOUSLY CHALLENGE THE APPLICATION OF THE *HECK* BAR TO HIS *NOLO-CONTENDERE* BASED CONVICTION.**

Plaintiff fails to seriously confront City Defendants' showing that his nolo-plea-based conviction fully invokes the *Heck* doctrine, and acts to bar his claims which would undermine that conviction. Plaintiff's repeated "unfairness" complaints are for another forum in which Plaintiff can,

///

///

///

2

City Defendants' Reply Memorandum of Points and Authorities in Support of Motion to Dismiss

or could have, challenged his conviction. He cannot challenge that conviction here, indeed, so long as that conviction stands, City Defendants assert he cannot maintain this action at all.[1]

Plaintiff inaccurately states that no court has decided, "under California law," whether a *nolo contendere* conviction supports the application of the *Heck* bar. Opposition 3:22. For whatever reason, Plaintiff fails to confront, distinguish, or even to mention *Nuno v. County of San Bernardino, 58 F.Supp.2d 1127, 1137-1138 (C.D.Cal. 1999),* which has squarely and persuasively decided the issue.[2] Rather, Plaintiff relies solely on *California Penal Code Section 1016(3)* which prevents only the use of the underlying *nolo contendere* plea "in any civil suit," but does not change the impact of *the conviction itself*. Plaintiff fails to confront not only *Nuno* on this point, but fails to address the Supreme Court's statement in *Heck* that the doctrine announced there does not rely in any way upon state-court notions of collateral estoppel or res judicata, *Heck, 512 U.S. at 487, fn. 6,* nor presumably on state court evidentiary rules. The *Heck* bar is an independent federal policy determination not to permit *Section 1983* claims which seek to attack or otherwise undermine state court criminal convictions. The California Penal Code's statements on the use of *nolo* pleas (as opposed to convictions) in state court civil actions simply have no bearing on the applicability of *Heck v. Humphrey* in the present case.

### III. PLAINTIFF'S COMPLAINT ADMISSIONS DEMONSTRATE THAT HIS SECTION 148(a)(1) CONVICTION COULD NOT HAVE BEEN BASED ON CONDUCT SEPARATE IN TIME OR PLACE FROM THE STRUGGLE AT HIS ARREST.

Plaintiff struggles, and fails, to present his conviction as one based upon his conduct separate and apart from the Officers' use of force at the time of his arrest. He fails to do so first, because his own complaint describes what Plaintiff admits was his own "delay" of the officers' official duties. Critically, Plaintiff has pled that his supposed "delay" was *followed immediately* by the officers' use of force to control him, and to effect his arrest. Complaint ¶¶19-20. Try as he might, Plaintiff cannot

---

[1] Plaintiff brought this action solely based on federal claims. He cannot successfully amend to include state law claims as the six-month claim-filing deadline expired, at the latest, in February, 2007, and Plaintiff has filed no claim.

[2] Plaintiff's assertion that the California Supreme Court "*may* authoritatively decide the issue shortly" is uncertain, ambiguous, unsupported by reference to the issues before that court, and plainly has no impact on the issues before this Court now.

3

shoehorn his facts into either *Smith*, with its two physically separate investigation and arrest "phases," nor into *Sanford*, where plaintiff's arrest was obviously complete following her handcuffing, well before the punch to plaintiff's face which constituted the alleged excessive force.

**A.   Smith v. City of Hemet Does Not Assist Plaintiff in Avoiding the *Heck* Bar.**

Plaintiff's factual analysis of *Smith v. City of Hemet, 394 F.3d 689 (9th Cir. 2005),* is glaringly lacking. In *Smith*, the Ninth Circuit stated the applicable rule straightforwardly: it is "clear" that if the plaintiff's conviction for violation of *Penal Code Section 148(a)(1)* was "based on his behavior . . . during the course of the arrest, his suit would be barred by *Heck*." *Smith, 394 F.3d at 697.*

The *Smith* Court thoroughly analyzed the facts before it, and determined that the record did not disclose which of two temporally and physically separate "phases" of the police operation Plaintiff's *Section 148* conviction was based upon. The court noted that it was undisputed that plaintiff had violated *Section 148* multiple times while alone on the porch in front of his house, while officers were in his front yard, shouting orders at him: he twice refused to take his hands out of his pockets, he reentered his home contrary to order, he "repeatedly" refused to put his hands on his head and come off the porch. "Each of these acts constituted a violation of § 148(a)(1)" sufficient to support a conviction under *Section 148(a)(1). Id. at 696-697*.

Following those multiple, undisputed violations of law, officers for the first time ascended onto the porch where Smith had been located throughout the exchange. They instructed Smith to turn around and place his hands on his head. *Id. at 694*. When he failed to do so, officers then allegedly sprayed Smith with pepper spray several times, grabbed Smith from behind, slammed him against the door, threw him on the ground, and ordered the police canine to bite him multiple times after he alleged he was curled on the ground in a fetal position. Smith alleged he was then dragged off the porch, where more biting and pepper spraying ensued. *Id. at 694*.

Based on these facts, the Ninth Circuit stated that "if Smith pled guilty to § 148(a)(1) based on his behavior after the officers came onto the porch, during the course of the arrest, his suit would be barred by *Heck*." *Id. at 697*. Conversely, the Court stated that he would be "entitled to proceed below if his conviction were based on unlawful behavior that took place while he stood alone and untouched on his porch . . . before the officers ascended." *Id. at 689*. As the *Smith* Court explained,

4

these different results would obtain because plaintiff's conviction for obstruction in the first phase alone would not have established the lawfulness of the officers' force during the second, "on the porch" phase.

Despite Plaintiff's protestations, it is obvious that the two temporally and physically separate "phases" of conduct which were central to the ultimate holding in *Smith* are not present here. Plaintiff argues, in effect, that his split second "wait while I get my son" and accompanying turn away from the officers is the equivalent of *Smith v. Hemet*'s first, separate, "investigative phase," which took place well before the officers mounted the porch and came in physical contact with the plaintiff. The analogy simply fails. Here, Plaintiff alleges he turned away from the officers thus, he admits, unlawfully delaying them, and was *immediately subdued and arrested*.[3] Unlike *Smith* and *Sanford,* Plaintiff can allege no other conduct that could have conceivably supported the Section 148 conviction. Comparing this case to *Smith*, *all of the relevant action here* took place in the second, "arrest" phase – "on the porch" in effect – which the *Smith* Court clearly stated fell under the *Heck* bar.[4]

### B.    Sanford v. Motts Does Not Assist Plaintiff in Avoiding the *Heck* Bar.

Plaintiff also fails to effectively analogize his case to *Sanford v. Motts, 258 F.3d 1117 (9th Cir. 2001)*, in which the Ninth Circuit explained, as it did in *Smith*, why the facts there precluded the application of the *Heck* bar.

In *Sanford*, police responded to a call regarding a dog-bite disturbance. Officer Motts arrested a 12-year old, Drequinn, for assaulting animal control officers. Love went to the assistance of Drequinn, and was punched by Officer Motts. Plaintiff Sanford allegedly intervened. Drequinn,

---

[3] Where there is "no break" between Plaintiff's provocative acts and the alleged excessive force or where the two are "inextricably intertwined," then *Heck* bars excessive force claims. See *Cunningham v. Gates, 312, F.3d 1148, 1154-55 (9th Cir. 2002)*; *Cummings v. City of Akron, 418 F.3d 676, 682-83 (6th Cir. 2005)*.

[4] Plaintiff recites multiple times that there is no identifiable factual basis for Plaintiff's conviction in the record before the Court. To the contrary, in his opposition at Page 7, Footnote 5, Plaintiff references and seeks to minimize (1) his own plea form stipulation that the police report contained a basis for his plea (Plea Form, Def. Req. Jud. Not. Exh. 3, ¶2), and (2) Officer Bandy's written report stating that Plaintiff "resisted arrest and had to be taken to the ground and forced into handcuffs." Def. Req. Jud. Not. Exh. 5. Plaintiff has failed to object to this evidence, indeed, he has sought to use it to his advantage. The evidence Plaintiff cites establishes that Plaintiff's plea was in fact based on identifiable conduct, "resisting arrest." Plainly *Heck* bars his excessive force claims, which arose out of his "resisting arrest" conviction.

Love and Sanford were arrested and handcuffed. Following the handcuffing, plaintiff Sanford made an unwelcome comment to Officer Motts, who punched her in the face. Sanford pled *nolo contendere* and was convicted of a *Section 148(a)(1)* violation. No specific conduct was identified in the criminal case record as the conduct which supported the conviction. Sanford later sued Motts for excessive force. *Sanford, 258 F.3d at 1118*.

In rejecting the application of *Heck* to bar Sanford's excessive force claim, the court observed that there were "*a variety of accusations in the reports of the officers*" which could have supported Sanford's Section 148 conviction, including that plaintiff "hit Motts when he was arresting Drequinn and . . . hit Motts when he was fighting with Love." *Id. at 1119*. Critically, both of these purported violations took place well prior to the excessive force for which Sanford sought recovery: Motts' punch to Sanford's face took place after she had been arrested and handcuffed. See *Id. at 1119-1120.*

Plaintiff's case here is not governed by *Sanford* because, unlike *Sanford*, there is no allegation of any conduct which could be deemed to support Plaintiff's *Section 148* conviction other than the conduct which immediately preceded and precipitated the use of force and arrest. Put simply, demonstrably separable, multiple violations of *Section 148* animated the rulings in both *Smith* and *Sanford*, and permitted the courts there to determine that the plaintiffs engaged in separable conduct which may have supported their convictions, but which occurred at a meaningfully different time than the alleged excessive force. Those critical facts simply do not exist here, and thus neither *Smith* nor *Sanford* assist Plaintiff in avoiding the bar of *Heck v. Humphrey*.

**IV. PLAINTIFF FAILS TO DEFEAT CITY DEFENDANTS' SHOWING THAT HIS *SECTION 148* CONVICTION BARS HIS *SECTION 1983* WRONGFUL ARREST CLAIMS, JUST AS IT BARS HIS EXCESSIVE FORCE CLAIMS.**

Plaintiff focuses his argument regarding his wrongful arrest claims – which lacks any citation to authority – on precisely when Plaintiff's arrest occurred, and which of the five charges eventually brought was the actual motivation for his arrest. Plaintiff never successfully explains these seeming non-sequiturs, nor explains why his nearly metaphysical dissection of the intentions of the players matters to the issues before the Court.

Indeed, what matters, as City Defendants have previously explained, is that under *Heck* his conviction for resisting, delaying, or obstructing peace officers conclusively determines that the

6

City Defendants' Reply Memorandum of Points and Authorities in Support of Motion to Dismiss

peace officers were acting lawfully at the time of Plaintiff's wrongful conduct and, therefore, that probable cause supported his arrest. City Defendants' assertion is amply supported by reference to authority, including *Nuno v. County of San Bernardino*, which is on point. Plaintiff fails even to mention Judge Timlin's application of the *Heck* bar to the *Nuno* plaintiff's wrongful arrest claims under very similar circumstances. *Nuno v. County of San Bernardino, 58 F.Supp.2d at 1133-1134*. Plaintiff may or may not agree with *Nuno*'s holding on this issue, but he cannot ignore it under a blanket claim of "frivolousness."

Moreover, Plaintiff's argument as to the Second Cause of Action seems to proceed on a mistaken assumption of law (for which he provides no authority): that there may well be probable cause supporting his arrest for the charge on which he was convicted,[5] and that he can still maintain a wrongful arrest action as to the domestic violence charges he asserts lacked probable cause. This is simply wrong, as the Court well knows: the U.S. Supreme Court has determined that where there is probable cause to arrest for any crime – whether or not it was actually charged – that arrest does not violate the Fourth Amendment. See *Devenpeck v. Alford, 543 U.S. 146, 153-54 (2004)*. Probable cause for Plaintiff's arrest was conclusively established by his conviction. *Andrews v. Young, 21 Cal.App.2d 523, 526 (1937)*. No matter how many charges animated the arrest, there is only one claim for wrongful arrest, and it is defeated by *Heck* and by Plaintiff's admitted, convicted, violation of law.[6]

## V. CONCLUSION.

Plaintiff Wetter seeks to be relieved of the impact of his conviction for resisting, delaying or obstructing officers. Given his pleading admissions, and the record before the Court supporting his conviction, however, *Heck v. Humphrey* dictates that his claims seek to undermine his criminal conviction and must be dismissed. Moreover, although Plaintiff has asked for leave to amend, he has utterly failed to explain to the Court how he will amend to avoid the *Heck* bar. Given his minute,

---

[5] Indeed, Plaintiff *admits* he violated the law: "he acted to delay the police officers in the discharge of their lawful investigative duties, thereby violating P.C. § 148." Opposition 24-25.

[6] Finally, while Plaintiff seems to suggest that a warrantless arrest inside his home constitutes a Fourth Amendment violation, it does not, as he admits a consensual entry by officers. See *U.S. v. Vaneation, 49 F.3d 1423, 1425 (9th Cir. 1995)*. .

7

City Defendants' Reply Memorandum of Points and Authorities in Support of Motion to Dismiss

second-by-second pleading of the facts surrounding his arrest – which he is not permitted to contradict in an amended complaint – City Defendants assert that any amendment would be futile and ask that their motion be granted without leave to amend.[7]  If the Court wishes to grant an order to dismiss which permits Plaintiff to reinstate these claims following reversal or other similar disposition of his criminal conviction, City Defendants do not oppose such an order.

CITY OF NAPA

December 20, 2007          By:          /S/
                                        DAVID C. JONES, Deputy City Attorney
                                        Attorney for City Defendants

---

[7] When granting a motion to dismiss, a court is generally required to grant leave to amend unless amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. *Id.* at 296-97.