ROBERT R. POWELL, ESQ. CSB: 159747
DENNIS R. INGOLS, ESQ.   CSB: 236458
LAW OFFICES OF ROBERT R. POWELL
925 West Hedding Street
San José, California  95126
T: 408-553-0200 F: 408-553-0203

Attorneys for Plaintiff
WALLY WETTTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
(San Francisco Division)

| | |
|---|---|
| WALLY WETTER, | ) Case No. 07-CV-4583 WHA |
| Plaintiff, | ) JOINT INITIAL CASE MANAGEMENT |
| v. | ) CONFERENCE STATEMENT |
| CITY OF NAPA, et al., | ) Date: 1-3-08  - Dept. 9, 19th Fl. – 8:00 a.m. |
| Defendants. | ) Honorable William Alsup |

## INTRODUCTION

All parties jointly submit this Case Management Statement and Proposed Order and request the Court adopt it as its Case Management Order in this case.

## STATUS OF THE MEETING OF THE PARTIES

The parties to this action have completed their meeting, pursuant to Federal Rules of Civil Procedure section 26(f).  Counsel for the parties have agreed to ENE and will shortly submit their Stipulation and Proposed Order Selecting ADR Process.

## DESCRIPTION OF THE CASE

**1. A brief description of the events underlying the action:**

**Plaintiff Wally Wetter contends that** on March 9th, 2006, defendant officers from the City of Napa came to the home of plaintiff saying they wished to speak to him about allegations by his ex-wife of abuse. He contends there was no abuse and it was in fact the second time his ex-wife had fabricated allegations of abuse within the past two months, all in conjunction with a child custody dispute they were having, and that the officers who arrested him were aware in advance of the ex-wife's motivations.

At the home, the officers ended up arresting the plaintiff suddenly, without any provocation by plaintiff and without warning (after asking him to come down to the police station and speak with them there), and plaintiff has alleged that the arrest was unlawful and conducted with excessive force that has left him severely damaged in the form of a lasting condition of high blood pressure that requires frequent treatment and medication.

**Defendants City of Napa, and Officers Brian Bandy, Jack Thomson and Alfonzo Ortiz contend that** probable cause existed for Plaintiff Wetter's arrest for domestic violence, and that he physically resisted the officers' lawful and reasonable attempts to control and handcuff him, so he could be taken into custody.

**2. The principal factual issues which the parties dispute:**

    a.    The nature and circumstances surrounding the interactions of the police officers with the plaintiff's ex-wife.

    b.    The nature and circumstances surrounding the evidence that may have caused the police officers to have a reasonable suspicion of a crime or probable cause to arrest.

Joint CMC Statement
Wetter v. Napa
(Case No. **07-CV-4583 WHA**)

    c.    The nature and circumstances of the investigation performed by the defendant officers prior to going to the home of the plaintiff.

    d.    Whether the factual investigation and/or events immediately prior to Plaintiff's arrest created probable cause for arrest.

    e.    The nature and circumstances surrounding the time at the plaintiff home, wherein the plaintiff was arrested.

    f.    The nature and circumstances regarding the manner in which the arrest was conducted in terms of the force used to effect the arrest.

    g.    Whether the force used by defendant officers to arrest plaintiff was reasonable under all the facts and circumstances known to them.

    h.    The nature and circumstances surrounding the intake of the plaintiff as an arrestee and his medical condition at the time of booking and thereafter.

    i.    The nature and extent of plaintiff's damages.

    j.    Whether the City of Napa failed to adequately train, educate, and supervise defendant police officers, and whether such alleged lack of training, if true, amounted to deliberate indifference such as to cause or contribute to the alleged constitutional violations.

    k.    Whether the City of Napa promulgated policies, practices, customs or procedures, which manifested deliberate indifference to the rights and safety of the plaintiff.

    l.    Whether defendants' actions were malicious and/or taken with reckless disregard for the rights and safety of the plaintiff, such that punitive damages should apply to Plaintiff's claims against one or more individual defendants.

3. **The principal legal issues which the parties dispute and citation to specific statutes and decisions:**

   a. Whether plaintiff's constitutional rights were violated by defendants.

   b. Whether the rights plaintiff contends were violated were clearly established.

   c. Whether any or all of the actions of the defendants are protected from liability by the application of any immunity, including statutory, absolute, or qualified immunity.

   d. Whether there is any liability attributable to the City of Napa based on a *Monell* theory of liability.

   e. Whether the Complaint states a cause of action upon which relief can be granted.

   f. Whether the entry of a nolo contendere plea-based conviction of violating California Penal Code §148 (by plaintiff) invokes the "Heck Doctrine" to bar plaintiff's two causes of action for civil rights violations.

4. **The other factual issues (e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue) which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

   No other factual issues pertaining to service of process, personal jurisdiction, subject matter jurisdiction or venue are believed to be unresolved at this point in time.

5. **The parties which have not been served and the reasons:**

   The plaintiff believes all known defendants have either been served or have appeared.

6. **The additional parties which the below-specified parties intend to join, or any additional claims or defenses, and the intended time frame for such joinder:**

   It is believed that all necessary and appropriate parties have been served and answered (or filed responsive pleadings, to wit, a Motion to Dismiss by defendants set for hearing

4

1/3/08) and there is no current intention of any existing party to join additional parties, or any current intention to add any claims or defenses (except in City Defendants' Answer, if required), however, all parties reserve the right to seek joinder of additional parties as information becomes available or is received in the course of discovery in this matter, and additionally to amend to add parties, claims or defenses as warranted by the facts determined in discovery.

7. **The following parties consent to assignment of this case to a United States Magistrate Judge for [court or jury] trial:**

The plaintiff have previously filed a Declination to Proceed Before A Magistrate.

8. **Anticipated Pre-Trial Motions:**

All parties anticipate filing motions for summary judgment at some point in the proceedings.

9. **Evidence Preservation:**

The parties, by and through counsel, have instructed their clients fully on their obligations to preserve all evidence relevant to the issues reasonably evident in this action, and to avoid erasure or destruction of any documents, e-mails, voice mails, and/or other electronically-recorded / stored materials.

10. **Relief Sought:**

Plaintiff is seeking general damages in an amount not less than $300,000.00, and punitive damages from the individually named defendant police officers in an amount to be established at trial upon establishing a prima facie case of malice and/or reckless disregard, and proper discovery of defendant police officers financial worth.

The general damages in this case are based primarily on the emotional distress and anxiety experienced by plaintiff as a result of being arrested and the manner in which the

arrest was conducted, however, plaintiff has significant special damage claims related to medical evaluation, treatment, and services incurred as a result of the unlawful arrest and anticipated to be recurring in the future, possibly for plaintiff entire life. The amount of those damages are not yet ascertained, but anticipated to be several hundreds of thousands of dollars.

## ALTERNATIVE DISPUTE RESOLUTION

**11.    The parties have agreed to the following court ADR processes:**

The parties have agreed upon ENE, and will be prepared to discuss this during the Case Management Conference.

## DISCLOSURES

The parties request an Order requiring exchange of Rule 26 Disclosures approximately 30 days after the court's ruling on defendant's currently pending Motion to Dismiss.

## DISCOVERY

The parties propose no change to the standard discovery limits on the numbers of depositions, interrogatories, requests for documents, and/or requests for admissions provided for in the FRCP and/or local rules.

City Defendants request that *Monell* and punitive damage discovery be stayed until a future CMC at which the Court determines that such discovery is appropriate. Plaintiff opposes the request.

Discovery will proceed as initiated by the parties, and with the intention of reasonable cooperation on all aspects of discovery.

All parties reserve the right to seek changes to the standard discovery limits and/or additional discovery should the need arise.

## TRIAL SCHEDULE

The case will be tried to a jury.  The parties request that the Court not schedule pre-trial or trial dates at this time, but rather do so at a further Case Management Conference to be scheduled in approximately 90 days from the initial Case Management Conference, at which point the parties will have been able to have conducted some discovery, possibly completed ENE, and the nature and scope of further discovery and thereby appropriate dates for trial, can more reasonably and accurately be assessed.  This will also allow time for the Court's ruling on the currently pending Motion to Dismiss.

## SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL

Pursuant to Civil L.R.16-6, the undersigned certifies that he has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities, and has considered whether this case might benefit from any of the available dispute resolution options.

Dated: 12/26/07                                  ___/S/_ Robert R. Powell_____
                                                 ROBERT R. POWELL, ESQ.
                                                 Attorney for Plaintiff


Dated: 12/26/07                                  _____/S/_ David C. Jones_____
                                                 DAVID C. JONES, ESQ.
                                                 Attorney for Defendants City of
                                                 Napa, Office J. Thompson, and
                                                 Officer A. Ortiz

7

Joint CMC Statement
Wetter v. Napa
(Case No. **07-CV-4583 WHA**)

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: ____/____/____

HON. WILLIAM ALSUP
U.S. DISTRICT COURT JUDGE,
NORTHERN DISTRICT OF CA.