ROBERT R. POWELL, ESQ. CSB#159747
DENNIS R. INGOLS, ESQ.    CSB#236458
LAW OFFICES OF ROBERT R. POWELL
925 West Hedding Street
San Jose, California  95126
T: 408-553-0200 F: 408-553-0203
E: rpowell@rrpassociates.com

Attorneys for Plaintiff
WALLY WETTER

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| WALLY WETTER, | Case Number:  **07-CV-4583 WHA** |
| Plaintiff, | PLAINTIFF'S SUPPLEMENTAL AUTHORITIES |
| vs. | |
| CITY OF NAPA, et al., | **DATE:  1/3/2008** |
| Does 1-10, inclusive | **TIME:  8:00 a.m.** |
| | **CRTRM: 9** |
| Defendants. | |
| | **The Honorable William H. Alsup** |

At oral argument on the Motion to Dismiss the Court invited the parties to submit supplemental authorities regarding how other Circuits have treated the difference between nolo and guilty pleas for *Heck* analysis.  The Court also requested authority regarding use of criminal nolo contendere pleas (as opposed to convictions) against the civil plaintiff.

## I.    Circuit Court Cases

1.    *Ballard v. Burton*, 444 F.3d 391 (5th Cir. 2006)
2.    *Burrell v. United States,* 384 F.3d 22, 29 (2nd Cir. 2004)
3.    *Hernandez v. Boles*, 184 F.3d 819 (5th Cir. 1999)
4.    *Smith v. Hemet*, 394 F.3d 689 (9th Cir. 2005)

Plaintiff's Supplemental Authorities
Wetter v. City of Napa
U.S. Dist. Ct. – N. Cal.
Case No.  **5:07-cv-4583**

Page 1 of 3

II. __Statutory Authority__

    1.      Federal Rules of Evidence 410

    2.      California Penal Code §1016

III. __Commentary__

1. The undersigned spent several hours reviewing cases in response to the Court's request. An initial search yielded 71 cases, only about 10 of which were Circuit Court decisions. The undersigned understands that the Court requested only cases from *other* Circuit Courts dealing with the difference between nolo and guilty pleas for purposes of *Heck* analysis. However, the undersigned could not find a single case analyzing in detail that difference, and submits that is because there is no important difference for *Heck* purposes, and that the distinction is only relevant to the question of whether the *plea* is admissible against the civil plaintiff, as contrasted to the *conviction*.

2. In *Smith v. Hemet*, the 9th Circuit explains the difference between a jury conviction and a plea conviction, the former establishing lawful conduct by the police throughout the affair, whereas a plea does not establish lawful police conduct throughout the affair, leaving the possibility of both lawful and unlawful conduct by the police. The case does not specifically address the difference between nolo and guilty pleas, and again the undersigned submits that is so because there is no difference in the context of a *Heck* case, which is consistent with the *Smith* court's (guilty plea) citation to *Sanford v. Motts*, 258 F.3d 1117, (9th Cir. 2001)(nolo plea) without even mentioning that distinction, and also with the 5th Circuit's citation to *Heck* itself in the unpublished decision of *Hernandez v. Boles ("*Whether the conviction was obtained at trial, by a guilty plea, or by a nolo plea is irrelevant to this inquiry. *Heck v. Humphrey*, 512 U.S. at 486).[1]

---

[1] As explained above and in Plaintiff's Opposition, in the 9th Circuit, whether the conviction was by plea or trial is relevant to the *Heck* inquiry, especially in the context of California Penal Code §148)

Plaintiff's Supplemental Authorities
Wetter v. City of Napa
U.S. Dist. Ct. – N. Cal.
Case No. **5:07-cv-4583**

3. As the 5th Circuit pointed out in *Ballard v. Burton* (citing the 2nd Circuit case of *Burrell v. United States*), "[t]he only practical difference is that the plea of nolo contendere may not be used against the defendant as an admission in a subsequent criminal or civil case. (*Ballard v. Burton,* at footnote 3). As these Defendants have pointed out in their moving papers (MTD 6:23-24), the only thing about Plaintiff's conviction that matters to the *Heck* analysis is that it exists. Plaintiff was convicted, by plea, so the *Heck* analysis must be done. However, Defendants have not and cannot meet their burden to show that Plaintiff's success in this case would "*necessarily* imply the invalidity of his conviction," and therefore the Complaint survives *Heck* analysis.

4. As to statutory authorities that the Court may want to consider with respect to whether Plaintiff's *plea* is admissible, Plaintiff points to the Court to Federal Rules of Evidence 410, and California Penal Code 1016.

5. FRE 410 says that *pleas* of nolo contendere cannot be used against the criminal defendant as an admission of having committed the criminal conduct underlying the conviction.[2] FRE 410 means that the statements contained in the criminal court documents are irrelevant to the Defendants' Motion to Dismiss. California Penal Code §1016, similar to FRE 410, says that a nolo *plea* cannot be used against the criminal defendant as an admission. That has nothing to do with the separate, undisputed fact that Plaintiff was *convicted*.

Dated: January 3, 2008            _____/S/ Dennis R. Ingols_____
                                  DENNIS R. INGOLS, ESQ.
                                  Attorney for Wally Wetter

---

[2] Plaintiff points the Court to section 10 ("nolo contendere – generally") of the annotations to FRE 410.