IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WALLY WETTER,

    Plaintiff,

v.

CITY OF NAPA, OFFICER B. BANDY, OFFICER J. THOMPSON, OFFICER A. ORTIZ, and DOES 1–10, inclusive,

    Defendants.

No. C 07-04583 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

## INTRODUCTION

In this Section 1983 action alleging violations of civil rights for excessive force and unlawful arrest, defendants move to dismiss pursuant to FRCP 12(b)(6). Inasmuch as the claim for wrongful arrest is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), it must be dismissed. The excessive-force claim, however, is not barred.

## STATEMENT

The complaint arises out of an incident that occurred on March 9, 2006. According to the complaint, plaintiff was at home in Napa when defendants Officer B. Bandy, Officer J. Thompson, and Officer A. Ortiz rang his doorbell (Compl. at ¶ 12). After plaintiff inquired why the defendants were there, they responded that it involved his wife (*id*. at ¶ 14). Plaintiff allowed the officers to enter his home (*ibid.*). Officer Bandy then informed plaintiff that his wife had alleged that he had threatened to kill her, had choked her for ten minutes, and had shoved her against a countertop, causing her to fracture her ribs (*id*. at ¶ 16). Plaintiff denied

these allegations. Officer Bandy then told plaintiff that he had to go "downtown" with the officers (*id*. at ¶ 17). Plaintiff asked whether he was under arrest and Officer Bandy replied "no" (*ibid*.). Not wanting to leave his five-year old son behind, plaintiff said "let me get my son," and subsequently turned to walk towards his son at the other end of the hallway (*id*. at ¶ 19). Officer Bandy then grabbed plaintiff's left wrist and threw him face-first to the floor (*id*. at ¶ 20). Plaintiff requested that Officer Bandy release his arm because his shoulder was hurting, but the latter responded "you're resisting arrest, you're resisting arrest" (*id*. at ¶ 21). With the assistance of the two others, Officer Bandy knocked plaintiff's head against the floor (*ibid*.). Up until this moment, none of the officers had told plaintiff that he was under arrest (*ibid*.). Subsequently, plaintiff was arrested, booked, and taken to the hospital for treatment (*id*. at 27–37).

The Court takes judicial notice that a few days later, plaintiff was charged in Napa County Superior Court with four counts of spousal abuse, alleged to have occurred on March 9, 2006. The superior court later granted a motion to amend the complaint to add a charge of resisting arrest under California Penal Code Section 148(a)(1), accepted plaintiff's nolo contendre plea to the Section 148(a)(1) charge, and dismissed all spousal-abuse charges. Simultaneously, plaintiff executed a plea agreement stipulating that "there was a factual basis for my plea in the police report." Plaintiff pled nolo contendre to a charge of violating Section 148(a)(1).

In the instant case, plaintiff alleges a violation of civil rights against the individual officers for excessive force and unlawful arrest. Defendants move to dismiss both claims pursuant to FRCP 12(b)(6).

**ANALYSIS**

On a motion to dismiss, a district court must accept all well-pled allegations of the complaint as true, but the district "court may look beyond the plaintiff's complaint to matters of public record." *Shaw v. Hahn*, 56 F.3d 1128, n.1 (9th Cir. 1995). A complaint should not be dismissed unless it is clear that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Even if the chance of recovery is remote, a court must allow

plaintiff the opportunity to develop a case. Dismissal is only proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

### 1. THE HECK DOCTRINE.

Defendants' sole argument in support of their motion to dismiss is that both of plaintiff's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), which held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Thus, a claim based on a violation of Section 1983 must be barred if it "would necessarily imply the invalidity" of an underlying criminal conviction or sentence.

### A. Guilty Plea vs. Nolo Contendre Plea.

Under California law, a plea of nolo contendre equates to a conviction. California Penal Code Section 1016, paragraph 3, states:

> The court shall ascertain whether the defendant completely understands that a plea of nolo contendere shall be considered the same as a plea of guilty and that, upon a plea of nolo contendere, *the court shall find the defendant guilty*. The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes. In cases other than those punishable as felonies, the plea and any admissions required by the court during any inquiry it makes as to the voluntariness of, and

3

> factual basis for, the plea *may not be used against the defendant as an admission in any civil suit* based upon or growing out of the act upon which the criminal prosecution is based. (emphasis added)

Relying on the italicized passage, plaintiff argues that defendants may not now seek to use the nolo contendre plea against plaintiff in this action (Opp. n.1).

Although it does not appear the Ninth Circuit has directly addressed this issue, it has on at least one occasion assumed that a nolo contendre plea is the equivalent of a guilty plea for *Heck* analysis under California law. *See Ove v. Gwinn*, 264 F.3d 817, n.4 (9th Cir. 2001). In addition, Judge Timlin in the Central District of California has expressly found that a California nolo contendre plea is the equivalent of a guilty plea for purposes of applying the *Heck* doctrine to bar a Section 1983 claim. *See Nuno v. County of Riverside*, 58 F.Supp.2d 1127, 1137–39 (C.D. Cal. 1999). Other circuits have also indicated a willingness to treat a nolo contendre plea as a guilty plea for purposes of applying the *Heck* doctrine, despite similar state law restrictions on the use of nolo contendre pleas in subsequent civil actions. In *Hernandez v. Boles*, 184 F.3d 819 (5th Cir. 1999), the Fifth Circuit held:

> Whether the conviction was obtained at trial, by a guilty plea, or by a nolo plea is irrelevant to this inquiry. A court considering a defense under *Heck* has no need to consider the plea as evidence; the court instead looks merely to whether an implicated conviction has been overturned. The fact that Hernandez's conviction was obtained after he pleaded no contest is of no importance under *Heck*.

*See also Olsen v. Correiro*, 189 F.3d 52, 69 (1st Cir. 1999) (finding the policy animated behind *Heck*'s adoption of a favorable termination requirement counsels against allowing a Section 1983 claim to impugn the validity of a former nolo contendre plea).

This order agrees. The purpose of the *Heck* doctrine is to ensure that valid state criminal convictions and sentences are not, in effect, retroactively contradicted by subsequent federal civil actions. That purpose applies to any conviction whether by guilty plea or nolo contendre plea. Once the conviction is reduced to judgment, we do not look behind the judgment to identify the avenue lending to the judgment of conviction. The distinction between a plea and conviction has also been recognized by the Federal Rules of Evidence. In *Brewer v. City of Napa*, 210 F.3d. 1093, 1096 (9th Cir. 2000), the Ninth Circuit held:

4

> The issue presented in this appeal is whether evidence of a conviction based on a no contest plea can be admitted for impeachment purposes under Rule 609. We conclude that such evidence is admissible. Rule 410 by its terms prohibits only evidence of *pleas* (including no contest pleas), insofar as pleas constitute statements or admissions. Rule 609, by contrast, permits admission for impeachment purposes of evidence of *convictions*. The plain language of the Federal Rules of Evidence thus supports the decision of the district court in this case. (no emphasis added)

It is true that Section 1016 of the state penal code provides that misdemeanor pleas cannot be used against an accused in a subsequent civil action. This means that the plea (and presumably the judgment) cannot be used to establish civil liability *against* the accused. But when an accused sues and seeks to impose civil liability on someone else, it is not so clear that Section 1016 was intended to let the accused have it both ways, even as a matter of California law. However that issue may come out under state law, the federal law is clear. *Heck* places definitive weight on the judgment of conviction. End of federal story. State law cannot undo federal law. The fact of judgment is conclusive and dispositive.

    **2.    WRONGFUL-ARREST CLAIM.**

The elements for a violation of California Penal Code Section 148(a)(1) include: "(a) the defendant willfully resisted, delayed, or obstructed a peace officer, (b) when the officer was engaged in the performance of his or her duties, and (c) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties." *In Re Muhammed C.*, 95 Cal.App.4th 1325, 1329 (2002). For a Section 148(a)(1) conviction to be valid, a criminal defendant must have resisted or obstructed a police officer in the lawful exercise of his duties. Under California law, a conviction under Section 148(a)(1) implies that the police officer was acting lawfully. "If the officer was not performing his or her duties at the time of the arrest, the arrest is unlawful and the arrestee cannot be convicted under Penal Code Section 148, subdivision (a)." *Susag v. City of Lake Forest*, 94 Cal.App.4th 1401, 1409 (2002).

Plaintiff's wrongful-arrest claim is barred by *Heck*. A conviction under Section 148(a)(1) necessarily implies that the conduct constituting an obstruction to the officer's duties occurred while the officer was engaged in the lawful performance of his or her duties, including

5

that any arrest the officer made was supported by probable cause. *See People v. Simons*, 42 Cal.App.4th 1100, 1110 (1996). In *Smithart v. Towery*, 79 F.3d 951 (9th Cir. 1996), the Ninth Circuit affirmed a district court's dismissal of a Section 1983 claim for false arrest. Smithart drove his car at the defendants, several state officers, after the officers effected a traffic stop of Smithart's son. Smithart alleged that he then exited the vehicle and the officers unnecessarily beat him with their batons, feet, and fists, causing Smithart to sustain significant injuries. Smithart entered a plea to assault with a deadly weapon and subsequently brought an action for violation of Section 1983 for excessive force and wrongful arrest. Before determining that Smithart's Section 1983 claim for excessive force would not necessarily imply the invalidity of Smithart's arrest or conviction for *Heck* purposes, the Ninth Circuit held, "[t]here is no question that *Heck* bars Smithart's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him." Thus, though Smithart's excessive-force claim was permitted to go forward, his wrongful-arrest claim was dismissed because his guilty conviction necessarily implied the officer's had probable cause at the time of arrest.

By the same reasoning, plaintiff's nolo contendre conviction creates an automatic presumption that the police officers were acting lawfully at the time of arrest. Plaintiff's convoluted argument that the lawfulness of the arrest somehow depends on whether it was for violation of Section 148(a)(1) or for domestic violence misses the point. In either instance, in order for plaintiff to prevail on his Section 1983 claim for false arrest, plaintiff would have to show that there was no probable cause to arrest him. Given that plaintiff's conviction for violation of Section 148(a)(1) implies the officers had probable cause to arrest, such a showing is impossible. A finding that there was no probable cause to arrest would necessarily render plaintiff's conviction for violation of Section 1983 invalid, leading to a direct contradiction of *Heck*.

Plaintiff attempts to divert attention from this salient fact by contending that because the violation of Section 148(a)(1) was not originally charged, it was "thrown into the police report by defendant Bandy for the express purpose of depriving plaintiff of his right to seek redress in civil court" (Opp. 10). Such an argument, however, is of no significance to the present action.

6

Where there is probable cause to arrest for any crime, the arrest does not violate the Fourth Amendment, whether or not that crime was actually charged. *See Devenpeck v. Alford*, 543 U.S. 146, 153–54 (2004). Ultimately, plaintiff pled nolo contendere to a charge of violation of Section 148(a)(1). The issue of whether the plea was coerced or breached is not before this Court. The plea conviction must be taken as valid for *Heck* purposes and plaintiff's wrongful-arrest claim must fail.

### 3. EXCESSIVE-FORCE CLAIM.

In its *en banc* decision *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005), reversing a district court's grant of summary judgment, the Ninth Circuit directly addressed the intersection between the *Heck* doctrine and Section 148(a)(1). There, the plaintiff, Smith, refused to take his hands out of his pockets or put his hands on his head after being instructed to do so twice by police officers. The police officers then approached Smith and attempted to arrest him, but Smith once again repeatedly disobeyed their commands. Smith later pled guilty to violating Section 148(a)(1), and subsequently brought a Section 1983 action for excessive force against the police officers and city. Smith's plea agreement and the record gave no indication as to which conduct Smith's guilty plea was directed towards. In permitting Smith's claims to go forward, the Ninth Circuit held:

> A conviction for resisting arrest under § 148(a)(1) may be lawfully obtained only if the officers do not use excessive force in the course of making that arrest. A conviction based on conduct that occurred before the officers commence the process of arresting the defendant is not "necessarily" rendered invalid by the officers' subsequent use of excessive force in making the arrest. For example, the officers do not act unlawfully when they perform investigative duties a defendant seeks to obstruct, but only afterwards when they employ excessive force in making the arrest. Similarly, excessive force used after a defendant has been arrested may properly be the subject of a § 1983 action notwithstanding the defendant's conviction on a charge of resisting an arrest that was itself lawfully conducted.

Thus, because the violation of Section 148(a)(1) could have occurred before or after the police approached Smith, his Section 1983 claim was not necessarily barred by *Heck*. Smith's

7

allegations of excessive force could have occurred after the conduct that gave rise to the violation of Section 148(a)(1), the Ninth Circuit held.

Here, the complaint, liberally construed raises an inference that the police brutality alleged occurred separately from the conduct forming the basis for the Section 148(a)(1) charge. It is entirely possible, crediting the complaint, that defendant was told that he was not under arrest, that he needed to go downtown, that he delayed the officers in their desire to go downtown, and that, after that occurred, they beat plaintiff up, excessively so in the circumstances.

In *Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001), the Ninth Circuit rejected the defendant's *Heck* argument on facts similar to those presented on the current motion. The plaintiff, Sanford, arrived at her boyfriend's house to find her boyfriend fighting with police officers. Sanford began to yell at the police officers and was placed under arrest. After being arrested, Sanford continued to yell at the police officers and was struck in the face by the defendant, Motts. Sanford later pled guilty to a violation of Section 148 and subsequently brought an excessive-force claim against Motts. The Ninth Circuit held:

> [I]f Motts used excessive force subsequent to the time Sanford interfered with his duty, success in her section 1983 claim will not invalidate her conviction. If Motts had shot and wounded her instead of punching her while she stood handcuffed, there would be no doubt that she could sue him for violation of her civil rights.

Similarly, had Officer Bandy shot plaintiff in his leg instead of throwing him to the ground, there would be no doubt that plaintiff's excessive-force claim would be allowed to go forward. It makes no difference, as defendants contend, that the incident leading to this case occurred on a more continuous time-line than the facts presented in *Smith*. Absent any showing of the factual basis for plaintiff's Section 148 conviction, the alleged excessive force could have occurred after plaintiff interfered with the officers' duties, and plaintiff's claim for excessive force, thus, cannot be dismissed.

8

**CONCLUSION**

For the above-stated reasons, defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's false-arrest claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), but plaintiff's excessive-force claim must be allowed to go forward.

**IT IS SO ORDERED.**

Dated: January 4, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE