MICHAEL W. BARRETT, CITY ATTORNEY (SBN 155968)
DAVID C. JONES, DEPUTY CITY ATTORNEY (SBN 129881)
NAPA CITY ATTORNEY'S OFFICE (dcj@cityofnapa.org)
CITY OF NAPA
P.O. BOX 660
NAPA, CA 94559
Telephone:  (707) 257-9516
Facsimile:   (707) 257-9274

Attorneys for Defendants CITY OF NAPA, OFFICER B. BANDY,
OFFICER J. THOMPSON, and OFFICER A. ORTIZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALLY WETTER,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF NAPA, OFFICER B. BANDY, OFFICER J. THOMSON, OFFICER A ORTIZ, and Does 1-10, inclusive,<br><br>    Defendants. | Case No: C07-04583 WHA<br><br>CITY DEFENDANTS' ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES<br><br>DEMAND FOR JURY TRIAL |

    Defendants City of Napa, Officer B. Bandy, Officer J. Thomson, and Officer A. Ortiz (hereinafter "City Defendants") answer the complaint filed by Plaintiff Wally Wetter as follows:

**I.**

**JURISDICTION**

    1.    City Defendants admit that the Court has jurisdiction of this matter.

    2.    City Defendants admit that the Court has jurisdiction of this matter.

    3.    City Defendants admit that venue is proper in this Court.

**II.**

**PARTIES**

    4.    City Defendants lack information on which to admit the allegations of this paragraph and on that basis deny all allegations.

5. Defendant City of Napa admits it is a lawful municipality organized under the laws of the State of California and of its Charter. Defendant City admits that it operates the Napa Police Department. City Defendants deny all remaining allegations of this paragraph.

6. Admitted.

7. Admitted.

8. Admitted.

9. City Defendants admit that at the times mentioned in the complaint, Officers Bandy, Thomson and Ortiz were acting within the course and scope of their duties as City of Napa police officers. City Defendants deny all remaining allegations of this paragraph.

10. City Defendants deny all allegations of this paragraph.

## III.

## FACTUAL ALLEGATIONS

11. City Defendants lack information on which to admit the allegations of this paragraph and on that basis deny all allegations.

12. City Defendants lack information on which to admit the allegations of this paragraph and on that basis deny all allegations.

13. The allegations of this paragraph are admitted with the exception that Officer Bandy asked Wetter to come onto the porch to talk with the officers. Wetter responded by asking the officers to enter the house.

14. Admitted.

15. Admitted.

16. City Defendants lack information as to whether Wetter was "puzzled" and on that basis deny that allegation. All remaining allegations of this paragraph are admitted.

17. City Defendants admit that Wetter denied his wife's allegations. City Defendants deny all remaining allegations of this paragraph.

18. City Defendants admit that Officer Bandy told Wetter words to the effect of "you're coming with me tonight." City Defendants deny all remaining allegations of this paragraph.

2

City Defendants' Answer to Complaint with Affirmative Defenses

19. City Defendants admit that in response to Officer Bandy's statement, Wetter stated words to the effect of "I ain't going anywhere. I need to see my son." Wetter turned and began to walk away from Bandy at that point. City Defendants deny all remaining allegations of this paragraph.

20. In response to Wetter's statement and action, Officer Bandy took hold of Wetter's left arm and placed it into a rear wrist lock. At the same time Officers Thomson and Ortiz took hold of Wetter's right arm. Wetter physically and forcefully resisted the officers' efforts to put his hands behind his back and struggled to pull his arms free. Due to Wetter's resistance, and their inability to secure his arms for handcuffing, the officers forced Wetter to the ground to facilitate handcuffing. City Defendants deny all remaining allegations of this paragraph.

21. City Defendants admit that Officer Bandy told Wetter to stop resisting. City Defendants deny all remaining allegations of this paragraph.

22. City Defendants admit that they used physical force on Wetter while on the ground in an attempt to control him so he could be handcuffed. City Defendants deny all other allegations of this paragraph.

23. City Defendants admit that Wetter was handcuffed behind his back while on the floor and was assisted onto his feet and onto a chair; they further admit that at some point a child, apparently Wetter's son, emerged from a room. City Defendants deny all remaining allegations of this paragraph.

24. City Defendants admit that Wetter complained about shoulder pain at some point and further admit that following his initial handcuffing, he was re-handcuffed in front of his body to alleviate the shoulder pain he complained of. City Defendants further admit that Officer Ortiz took the child into a back room to avoid further upset and admit that Officer Bandy spoke to the boy in that room. City Defendants deny all remaining allegations of this paragraph.

25. City Defendants admit that Officer Bandy spoke with the child and that the child stated that his parents had argued the night before, and that his father had pushed his mother. City Defendants deny all remaining allegations of this paragraph.

26. City Defendants deny all allegations of this paragraph.

27. City Defendants admit that Wetter was assisted in putting on pants, shirt, and shoes. City Defendants deny all remaining allegations of this paragraph.

3

28. City Defendants admit that Wetter was assisted in putting on pants, shirt, and shoes. City Defendants deny all remaining allegations of this paragraph.

29. City Defendants admit that Wetter expressed concern about his son being left alone and further admit that Officer Bandy told him the child's mother was nearby and would come to get the child. City Defendants deny all remaining allegations of this paragraph.

30. City Defendants deny all allegations of this paragraph.

31. City Defendants deny all allegations of this paragraph.

32. City Defendants admit that the jail nursing staff refused to take custody of Wetter on the stated basis of high blood pressure. They further admit that Officer Bandy transported Wetter to Queen of the Valley Hospital, where he was examined and cleared to be booked into jail. City Defendants deny all remaining allegations of this paragraph.

33. City Defendants admit that the jail nursing staff refused to take custody of Wetter on the stated basis of high blood pressure. They further admit that Officer Bandy transported Wetter to Queen of the Valley Hospital, where he was examined and cleared to be booked into jail. City Defendants deny all remaining allegations of this paragraph.

34. City Defendants admit that Officer Bandy drove Wetter to Queen of the Valley emergency room where he was examined by medical personnel and was cleared and released to be booked into jail. City Defendants deny all remaining allegations of this paragraph.

35. City Defendants do not operate the correctional facility and, therefore, lack information on which to admit the allegations of this paragraph, and on that basis deny all allegations.

36. City Defendants do not operate the correctional facility and, therefore, lack information on which to admit the allegations of this paragraph, and on that basis deny all allegations.

37. City Defendants do not operate the correctional facility and, therefore, lack information on which to admit the allegations of this paragraph, and on that basis deny all allegations.

38. City Defendants do not operate the correctional facility and, therefore, lack information on which to admit the remainder of the allegations on which to admit the allegations of this paragraph, and on that basis deny all allegations.

City Defendants' Answer to Complaint with Affirmative Defenses

39. City Defendants lack information on which to admit the allegations of this paragraph and on that basis deny all allegations.

40. City Defendants lack information on which to admit the allegations of this paragraph and on that basis deny all allegations.

41. City Defendants deny all allegations of this paragraph.

## IV.

## DAMAGES

42. City Defendants deny all allegations of this paragraph, and further deny that Wetter suffered any injury or damage as a result of the alleged events.

43. City Defendants deny all allegations of this paragraph, and further deny that Wetter suffered any injury or damage as a result of the alleged events.

44. City Defendants deny all allegations of this paragraph, and further deny that Wetter suffered any injury or damage as a result of the alleged events.

45. City Defendants deny all allegations of this paragraph, and further deny that Wetter suffered any injury or damage as a result of the alleged events.

## V.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983 – EXCESSIVE FORCE)

46. The allegations of this paragraph constitute legal conclusions and, thus, require no admission or denial. If the allegations of this paragraph are deemed to require response, City Defendants deny all allegations of this paragraph.

47. City Defendants incorporate their responses to paragraphs 41-43 by reference as though fully stated herein.

48. City Defendants incorporate their response to paragraphs 44 by reference as though fully stated herein.

///

///

5

City Defendants' Answer to Complaint with Affirmative Defenses

## SECOND CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS (42 U.S.C. 1983 – ARREST)

49-51. This cause of action was dismissed by order of the Court dated January 4, 2008. Therefore, the allegations of this paragraph require no admission or denial. If the allegations of these paragraphs are deemed to require response, City Defendants deny all allegations of these paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, City Defendants pray that:

1. Plaintiff's prayer requires no admission or denial by City Defendants. To the extent any response is deemed required, City Defendants deny all allegations contained in Plaintiff's prayer for relief.

2. City Defendants request that Plaintiff's complaint be dismissed, and that City Defendants receive their attorney's fees and costs in the action, and such other and further relief as the Court may deem appropriate.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims against Defendants Bandy, Thomson and Ortiz are barred by the doctrine of qualified immunity pursuant to 42 U.S.C. Section 1983 and other federal law.

2. Plaintiff's claims against all City Defendants are barred by Plaintiff's conviction for violation of Penal Code Section 148(a)(1), and the doctrine set forth in *Heck v. Humphrey, 512 U.S. 477 (1994)*.

3. Plaintiff's claims, if any, against City Defendants related to his incarceration and treatment at the jail are barred in that City Defendants do not own, operate or control the jail or its personnel.

4. Plaintiff's causes of action, and each of them, are barred and/or diminished by his failure to mitigate his damages.

5. Plaintiff is precluded from recovering punitive damages against Defendant City of Napa pursuant to applicable law.

6. No policy, pattern or practice of the City of Napa or the Police Department of the City of Napa caused any deprivation of Plaintiff's rights and, thus, under the judicial doctrine announced

1  in *Monell v. Department of Social Services*, *436 U.S. 658 (1978)*, and other cases including *City of Canton v. Harris*, *489 U.S. 378 (1989)*, the City of Napa can have no liability for any of Plaintiff's federal claims.

                                                                CITY OF NAPA

January _____, 2008                        By: _____
                                                        DAVID C. JONES, Deputy City Attorney
                                                        Attorney for City Defendants

7

City Defendants' Answer to Complaint with Affirmative Defenses

**DEMAND FOR JURY TRIAL**

City Defendants hereby demand a jury trial as provided by FRCP 38(a) of the Federal Rules of Civil Procedure.

January 18, 2008                    By:           /S/
                                        DAVID C. JONES, Deputy City Attorney
                                        Attorney for City Defendants