Gregory M. Fox,, State Bar No. 070876
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone:   (415) 353-0999
Facsimile:   (415) 353-0990
E-Mail:      gfox@bfesf.com

Michael W. Barrett, City Attorney, State Bar No. 155968
David C. Jones, Deputy City Attorney, State Bar. No. 129881
NAPA CITY ATTORNEY'S OFFICE
CITY OF NAPA
P.O. BOX 660
Napa, California 94559
Telephone: (707) 257-9516
Facsimile: (707) 257-9274
E-Mail: cjones@cityofnapa.org

Attorneys for Defendants CITY OF NAPA,
OFFICER B. BANDY, OFFICER J. THOMSON AND
OFFICER A. ORTIZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALLY WETTER,<br><br>　　　　Plaintiff,<br>　　vs.<br><br>CITY OF NAPA, OFFICER B. BANDY,<br>OFFICER J. THOMSON, OFFICER A. ORTIZ,<br>and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.: C-07-04583 WHA<br><br>**STIPULATION AND [PROPOSED]<br>PROTECTIVE ORDER Re: DISCLOSURE<br>OF DOCUMENTS RELATING TO<br>WITNESS MS. VINCENT** |

WHEREAS, plaintiff has sought discovery of certain City of Napa documents that discuss, refer or relate to the former spouse of plaintiff, Ms. Vincent, and who filed a spousal abuse complaint against plaintiff on or about March 10 2006 involving an incident that occurred March 9, 2006. Officers of the Napa Police Department interviewed, videotaped and photographed Ms. Vincent about her allegations of abuse and defendants have objected to producing these documents based on the privacy interests of Ms. Vincent; and,

WHEREAS, the information and documents contained in the requested documents are of a

1
_____
STIPULATION FOR AND [PROPOSED] PROTECTIVE ORDER

confidential, private and/or privileged nature and the purposes of this order is to protect the confidentiality of such information;

And said documents were identified in the Defendants initial disclosure as those privileged and confidential documents bate stamped 017-037, 043-048, 119-124, 135-140, including a DVD interview of Ms. Vincent, photographs of Ms. Vincent and a dispatch tape re Ms. Vincent's call to the police (hereafter all referred to as the "Ms. Vincent's Privileged Documents".)

IT IS HEREBY STIPULATED between Plaintiff WALLY WETTER and his attorney, ROBERT R. POWELL and Defendant CITY OF NAPA and the named OFFICER DEFENDANTS, by and through their attorney GREGORY M.. FOX, as follows:

1. Any and all of those Napa Police Department documents identified as the "Ms. Vincent Privileged Documents" are considered confidential documents which are subject to the terms of this protective order.

2. In the event that plaintiff deposes defendants or any other employee of the City of Napa regarding the confidential documents, for such deposition testimony, the witness or his counsel shall invoke the provisions of the stipulation and protective order by stating on the record during the deposition that testimony given at the deposition is designated 'confidential' or by designation of the deposition transcript, or portions thereof, as 'confidential' within fourteen (14) days after counsel receives the deposition transcript. No person shall attend portions of the depositions designated 'confidential' unless such person is an authorized recipient of documents containing such confidential information under the terms of the stipulation and protective order. Any court reporter who transcribes testimony in this action at a deposition shall agree that all 'confidential' testimony is and shall remain confidential and shall not be disclosed, except as provided in this stipulation and order, and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record or filed under sealed with the Court.

3. If one or more of the confidential documents protected by this stipulation and order is used during the course of a deposition herein, that portion of the deposition record reflecting such confidential information shall be sealed and stamped as "confidential," and access thereto shall be

limited pursuant to the other terms of the stipulation and order. If counsel subsequently designates any deposition transcript, or portion thereof, as "confidential," pursuant to paragraph 2, counsel shall inform the court reporter so that the court reporter will treat the transcript as confidential pursuant to the terms of this stipulation and order.

4. The confidential documents or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated in any way only to parties, including an officer, director, manager, supervisor, or in-house counsel of a party; counsel for the parties, including certified law students, or an employee or contractor of such counsel to whom it is necessary that the material be shown for purposes of this litigation; other employees of a party for the sole purpose of working directly on the litigation; and third party consultants and independent experts to whom it is necessary that the material be shown for purposes of this litigation.

5. If an attorney for any party in this litigation desires to give, show, make available or communicate any portion of the confidential documents to any person who is not specifically authorized to have access to such document pursuant to paragraph 4, the requesting attorney will disclose to the attorney for the party who produced the document the name of the person to whom disclosure of the document is sought. The attorneys will then have ten (10) days to negotiate the terms of disclosure to that person and, if no agreement can be reached, the requesting attorney may seek leave of court on notice to make the disclosure in question.

6. Each person other than employees or contractors permitted by the parties or their counsel to have access to the confidential documents pursuant to terms of this stipulation and order shall, prior to being afforded such access, be shown the stipulation and protective order and shall sign an agreement in the form attached hereto as Exhibit 'A' stating that he or she has read and understands its terms and shall abide by them. A file shall be maintained by the attorneys of record of all written agreements signed by persons to whom such documents have been given, which file shall be available for inspection in camera by the Court upon a showing of good cause pursuant to a noticed motion.

7. The parties agree that the parties will follow Local Rule 3-17 Privacy with respect to the use of any documents covered by this stipulation.

8. The attorneys of record for the parties are in accord with the above terms of this stipulation and protective order as acknowledged hereafter by their signatures, and have requested the Court to enter this stipulation and protective order.

9. This stipulation and protective order shall be effective from the date of the execution of the order.

10. Upon termination of this litigation, the originals and all copies of confidential documents shall be turned over to counsel for the party who produced such documents or disposed of in some other manner that is mutually agreeable among the parties.

11. This stipulation and protective order is entirely without prejudice to the right of anyone to apply to the Court for an order modifying this stipulation and protective order in any respect. The Court retains jurisdiction for six (6) months after the termination of this action to enforce this order and, upon motion of any party hereto, to make amendments, modifications, deletions or additions to this order as the court may deem appropriate.

12. The termination of proceedings in this action shall not thereafter relieve the parties from the obligations of maintaining the confidentiality of all material designated as confidential which is received pursuant to this stipulation and order, provided, however, that this paragraph shall not apply to any material which is or becomes publicly available.

IT IS SO STIPULATED.

Dated: April 9, 2008                          /s/
                                              ROBERT R. POWELL
                                              Attorney for Plaintiff Wally Wetter.


Dated: April 9, 2008                          /s/
                                              GREGORY M. FOX
                                              Attorney for Defendants City of Napa, et al.

Attorney Attestation

*I hereby attest that I have on file all holographic signatures for any signature indicated by a "conformed" signature (/s/) within this E-filed document*

Dated: April 9, 2008

                                                /s/
                                    GREGORY M. FOX
                                    Attorney for Defendants City of Napa, et al.

## ORDER

Based on the foregoing stipulation of the parties, and good cause appearing therefore, the court hereby adopts the stipulation of the parties and the protective order provisions thereof as an order of this court.

IT IS SO ORDERED.

Dated: _____

                                    HONORABLE WILLIAM H. ALSUP
                                    UNITED STATES DISTRICT COURT
                                    NORTHERN DISTRICT OF CALIFORNIA

STIPULATION FOR AND [PROPOSED] PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____ [print or type full address], declare that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States Court for the Northern District of California on _____[date] in Case Nos. C-07-04583 WHA. I agree to comply with and be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:       _____

_____
STIPULATION FOR AND [PROPOSED] PROTECTIVE ORDER